Buck *v.* Fox.

Decision accordingly.

[CHENANGO GENERAL TERM, October 21, 1856. *Shankland, Gray, Mason* and *Balcom,* Justices.]

---

## BUCK *vs.* FOX and HUGG.

On the 2d of February, 1839, the plaintiff had title in fee to certain lands. On that day P. recovered a judgment against him, for $244.29. On the 1st of July, 1839, F. recovered a judgment against the plaintiff and B. for $907.45. These judgments were liens on the lands. The sheriff, by virtue of executions issued to him thereon, advertised the lands for sale, and sold the same, on one or both of the executions, to P., on the 25th of November, 1839, for $305, the amount due on P.'s execution, which was returned satisfied. The execution in favor of F. was returned unsatisfied. The sheriff's certificate stated that he sold the lands by virtue *of both executions.* The plaintiff failed to redeem the lands within the time given him by law; but within the time allowed for judgment creditors to redeem, F., by virtue of his judgment, redeemed the lands, by paying to the sheriff the amount of P.'s bid. At the end of fifteen months from the sale the sheriff gave to F. a deed of the lands, which recited a sale of the lands *upon P.'s execution alone,* and the redemption by F. on his judgment. Under this deed F. went into possession of the lands. *Held* that if the sheriff sold the lands solely upon P.'s execution, F. obtained the legal title thereto. And that it was a question of fact for the referee to determine, whether the sheriff sold upon P.'s execution alone, or upon both.

*Held further,* that in the absence of any decision by the referee upon that ques-

tion, P.'s equitable right to the lands was superior to the plaintiff's title to the same; and that, as F. must be deemed to have acquired the equitable rights of P., by the payment to the sheriff of the amount of P.'s bid, his equitable right to the lands must prevail over any title the plaintiff had to the same.

APPEAL from a judgment entered upon the report of a referee. The facts of the case sufficiently appear in the opinion of the court.

*H. Van Derlyn* and *E. P. Hart*, for the plaintiff.

*Patterson & Gillet*, for the defendants.

*By the Court*, BALCOM, J. This is an equitable action, in which the plaintiff claims a judgment, declaring the title to certain lands situated in Chemung county, to be in him; that he recover the possession thereof from the defendants; that a deed of the lands from the sheriff of Chemung county to the defendant Fox be corrected and declared void as against the plaintiff; that the defendant Fox account to the plaintiff for the rents and profits of the lands; and that such rents and profits be applied to the payment of a judgment hereinafter mentioned, which the defendant Fox recovered against the plaintiff and Geo. W. Buck, in July, 1839. There is a claim in the complaint for other or further relief.

On the 2d day of February, 1839, the plaintiff had title in fee to the lands in dispute. On that day Nehemiah Platt recovered a judgment in the supreme court, against the plaintiff, for $244.29. And on the 1st day of July, 1839, the defendant Fox recovered a judgment in the same court against the plaintiff and George Buck, for $907.45. These judgments were liens on the lands in dispute from the time of their recovery.

Albert A. Beckwith, as sheriff of Chemung county and by virtue of executions issued to him upon these judgments, advertised the lands for sale; and he duly sold the lands by virtue of the execution in favor of Platt, alone, or by virtue of both of the executions, on the 25th day of November, 1839, to Platt, for $305. That sum was the amount then due upon Platt's execu-

tion, which the sheriff returned satisfied. The sheriff returned the other execution in favor of Fox wholly unsatisfied. The sheriff's certificate of sale states that he sold the lands by virtue of *both of the executions.* The plaintiff did not redeem the lands within the time allowed by law for him to redeem them; but within the time allowed by law for judgment creditors to redeem, Fox, by virtue of his judgment redeemed the lands, by paying Platt's bid to the sheriff. After the expiration of fifteen months from the sale, the sheriff gave Fox a deed of the lands, which recites a sale of the lands by virtue of *the execution in favor of Platt alone,* and the redemption by Fox on his judgment against the plaintiff and George W. Buck. Fox went into possession of the lands, under the sheriff's deed to him, and has since held possession of the same. The defendant Hugg was in possession of the lands, or some part thereof, as tenant of Fox, at the time the action was commenced. The action was tried before a referee, who decided that the defendants were entitled to a judgment against the plaintiff that the complaint be dismissed. Such a judgment has been entered, from which the plaintiff has appealed.

If the sheriff sold the lands solely upon the execution in favor of Platt, the defendant Fox has the legal title thereto. Whether he did sell the lands by virtue of such execution alone, or by virtue of the executions issued upon the two judgments against the plaintiff, was a question of fact, as to which the referee in his decision states : " Whether the sheriff professed to sell under and by virtue of the execution in favor of Fox, as well as the execution in favor of Platt, does not appear." But the referee in his opinion that is annexed to the defendants' points, says, " my conclusion upon the whole evidence is, that the statement in the deed is more likely to be true than the statement in the certificate." Putting all the conclusions together found by the referee, it seems to me the evidence failed to convince him that the sale was made upon both of the executions, and that he therefore held the deed valid from the sheriff to Fox.

But granting that the referee did not pass upon this question,

the evidence shows that Platt's equitable right to the lands is superior to any title the plaintiff has to the same ; and had Platt and the sheriff been made defendants in the action as they should have been, (*see Code,* § 122,) the plaintiff could not have the lands, even if the referee had found that the sale was made by the sheriff upon both of the executions.   And as Fox must be deemed to have acquired the equitable rights of Platt by the payment to him, or to the sheriff for him, of his bid, his equitable rights to the lands must prevail over any title the plaintiff has to the same.

If the sheriff and Platt had been made defendants, the former could be compelled to convey the lands to the latter and the latter to convey the same to Fox.  (*Code,* §§ 150, 274.   2 *Kern.* 156, 336.)   Such would have been the result of the case if the sheriff and Platt had been made defendants, provided it appeared that the lands were sold upon both of the executions ; unless Platt elected to avoid the redemption by refunding to Fox the money that the latter paid for his bid ; and in such case Platt would hold the lands, as against the plaintiff, and his title would be made perfect by a deed to him from the sheriff.   Upon the facts proved the plaintiff was not entitled to recover.   The judgment in favor of the defendant should therefore be affirmed, with costs.

Judgment accordingly.

