## The People, on the relation of Calvin P. Austin v. Peter Fralick, Sheriff of Wayne County.

*Redemption by judgment creditors from execution sales.*—Judgment creditors who were entitled, under §3147 of Compiled Laws, to acquire the rights of a purchaser of premises sold on execution, applied to the purchaser for that purpose, and took from him an assignment of his certificate of sale, but without having presented him with the statutory proofs of their title to acquire such rights. Held, that where the application was thus made to the purchaser himself, and evidences produced which were satisfactory to him, it was sufficient; though if the application had been made to the register of deeds or sheriff, the statutory proofs must have been produced.

Held further, that the creditors, by thus taking an assignment of the certificate of sale, did not debar themselves from holding as judgment creditors under the statute; and that a subsequent creditor applying to become purchaser of the premises under the statute must pay their judgment as well as the original bid.

*Heard October 15th, 1863. Decided January 8th.*

Error to Wayne Circuit.

*D. C. Holbrook,* for plaintiff in error:

Buhl purchased of Corning the certificate of sale, and thereby became Corning's *assignee, with no other rights than Corning had.*

And Buhl not having followed any of the statutory requirements, by leaving with any one a certified copy of his judgment and affidavit of amount, Austin could not learn the amount necessary to deposit, so that he might, as against Buhl, redeem from him.

The law requires certain acts performed to entitle any one to *acquire the title* on execution sale. *Redemption* is not what the statute means by purchasing or acquiring title. The assigning by Corning was not any step towards acquiring title under the statute. The statute must be strictly complied with: — 22 *Barb.* 259; 27 *Barb.* 55; 6 *Wend.* 526; 20 *Wend.* 555; 7 *Paige,* 167; 19 *Wend.* 87; 7 *Hill,* 177; 18 *Wend.* 598; 2 *Comst.* 490.

*Maynard & Meddaugh*, and *G. V. N. Lothrop* for respondent :

A compliance with the statute—Comp. L. § 3147—is not a *condition* to the securing of a title as against subsequent judgment creditors.

1. Where the title is sought, as in this case, *directly* from the original purchaser, and he makes a voluntary conveyance, this provision in the statute is inoperative.

By the preceding provisions a judgment creditor may obtain the title from the original purchaser, and thereby secure the payment of his judgment from any subsequent judgment creditors seeking to redeem.

But the creditor holding title might refuse to convey; and to enable the party seeking it to enforce his right, section 3147 was added.

*Its office is simply to fix the evidence necessary for the creditor to furnish in such cases :* — 20 *Wend.* 555 ; 1 *Cow.* 443.

2. Where the title is sought of the original purchaser, or a judgment creditor, he may waive the "evidence of right" provided for by this section.

This must be so upon principle.

The evidence can answer no purpose in such cases except to satisfy the purchaser or creditor of the party's right, *under the statute*, to his title, and to enable the party to enforce such right.

It is intended solely for the benefit of the creditor seeking the title.

Had Buhl & Ducharme literally followed the statute in this respect, the relator could have derived no advantage from it.

Mr. Corning, a resident of the State of New York, could not have enlightened the relator in Detroit on the last day for redemption as to the contents of the papers "presented to and left" with him.

Between the date of the sale to Buhl & Ducharme and the day of redemption by the relator, the defendant might have paid Buhl & Ducharme's debt; in which case the evidence (had it been left with Corning) would have been of no more use to the relator than the judgment or the certificate of sale filed with the register.

Again, Mr. Corning was under no obligation, either of duty or of law, to preserve such evidence, and might have destroyed it the next moment.

We submit that had the Legislature intended this evidence when left with the purchaser or creditor, as in the nature of a public record, and for the benefit of other parties, interested in the title, a depository more appropriate would have been selected, and some provision for its preservation would have been added to the statute.

If, then, this evidence was intended *only* for Corning's benefit he might waive it.

The following authorities hold that a waiver may be made in such cases where the interest of subsequent judgment creditors is not involved. But *quœre* as to them: — 7 *Hill*, 91; 18 *Wend.* 599.

There is but one case to be found in the books opposed to this construction of the statute: — *People v. Ransom*, 2 *Comst.* 490. It is submitted that case can not be sustained.

3. The relator in this case had full notice, before seeking to redeem, of Buhl & Ducharme's judgment and of the fact that they had acquired Corning's title.

It has been repeatedly held under the registry acts that a knowledge of the facts which the registration would have afforded, is fatal to a claim resting upon the want of registration; and the analogy seems complete: — 15 *N. Y.* 354; 2 *Paige*, 205; 4 *Sandf.* 577; 8 *N. Y.* 274.

The registry acts usually make the non-registration fatal only as against *bona fide purchasers, &c., without notice.*

Were the language of these statutes broad enough,

however, to cover purchasers in good faith, their spirit is against it, and the courts must have so held.

Such has been the course of English decisions under a similar statute : — 1 *Y. & Coll.* 303; 15 *N. Y.* 354.

If the relator had such notice as should have put him upon inquiry even, it is sufficient : — 6 *Wend.* 213; 18 *Wend.* 588; 3 *Paige,* 421.

CAMPBELL J. :

This is an application to compel Fralick, as sheriff, to execute to Austin a deed of certain premises sold on execution against George B. Russell and others.

The execution sale was on a judgment in favor of Erastus Corning, who purchased the property. Buhl & Ducharme had a judgment on which a levy had been made after the first execution was levied, but before sale. The sale was made August 30, 1861. September 3d, 1861, a mortgage was made by Russell to Austin, the relator. November 10, 1862, Buhl & Ducharme paid Corning the amount due him, with interest, and took an assignment of his certificate of sale. On the last day allowed creditors to redeem, Austin, by his attorney, applied to the register of deeds and filed proofs of his mortgage interest, together with money to pay the Corning bid, but not to pay any portion of Buhl & Ducharme's judgment. The sheriff refused to convey to Austin, on account of the claims of Buhl & Ducharme. The attorney of Austin was informed of Buhl & Ducharme's claims before he attempted to redeem for his principal.

The objection made by Austin to the validity of Buhl & Ducharme's claim, is, that it does not appear that they furnished to Corning the proofs of their claim in the manner pointed out by section 3147 of the Compiled Laws. The statute provides that judgment creditors may redeem from execution purchasers in such a way as to become subrogated to their claims, whenever the premises

remain unredeemed by the debtor or his assigns within the twelve months allowed these. This payment to take up the claim of the execution creditor is required to be accompanied by copies of the judgments relied on, and an affidavit of the amount due. Application may be made to the register or sheriff, or to the purchaser himself. There is no provision declaring what shall be done with the papers.

Inasmuch as this payment by creditors can only be made after the debtor's redemption has run out, its effect is to allow the purchaser to be deprived of what may be an advantageous bargain, and it is only just that he should not be compelled to relinquish it without full proof of the right of the one who would supplant him. And he can not be compelled to receive any but full proofs. But where the application is made to himself, and he is convinced of the right of the applicant, there seems no good reason why he should be compelled to ask more proof. The proofs he receives come into his hands in his own right. He is not a public depository, and the papers do not become public by the deposite. No one else has any right to them. It is different where the redemption is made through a public officer. He being merely an agent by virtue of the law, must be guided by the terms of the statute; and papers intrusted to his custody become official, and enure to the benefit of such as may be concerned. But if the prior purchaser sees fit to allow a departure from the statute, a question may arise how far any third person can object to it.

We think that if Buhl & Ducharme were actually in a position to demand a transfer of the certificate, they must be protected when they have obtained it from the purchaser himself, whether they produced the statutory proofs or not.

But it was claimed on the argument that, by taking an assignment, they debarred themselves of the right to

claim the position of creditors exercising a privilege under the statute. The creditor is said in the statute to *"acquire the title"* of the execution purchaser. Subsequent parties applying are directly termed *"purchasers"*: §§ 3137-8 3142. By section 3146 it is provided that "upon such payment being made, *the title of the original purchaser shall be thereby transferred to the creditor* acquiring the same," &c. This undoubtedly contemplates that the creditor may acquire the right without any formal transfer. But he would have a right to require some voucher for his payment. And, inasmuch as a transfer of title actually takes place, it is not easy to comprehend how it can be vitiated by expressing what the law implies. It would require strong evidence to justify a court in assuming that Buhl & Ducharme deliberately took this course to divest themselves of a right which could in no way compromise or prejudice them, while, on the other hand, its exercise might become valuable, and must necessarily have been so had the property been worth buying from Corning. Every presumption from the facts must tend to satisfy any reasonable mind, that the parties never intended to give up any rights; and we do not think they have done so unless such an intention appears.

Having lawfully acquired the rights of Corning, the statute does not allow their purchase to be divested in favor of any claim accruing subsequently to their judgment, without payment of their own judgment in addition to the purchase money. *Comp, L.* §3141; *Laws of* 1861 *pp.* 134, 135.

This, Austin did not attempt, although informed of Buhl & Ducharme's claim. His payment therefore was inoperative, and gave him no rights.

The judgment below must be affirmed, with costs.

MARTIN CH. J. and CHRISTIANCY J. concurred.

Manning J.:

The right of redemption is a statutory right, to be acquired in the manner pointed out by the statute, and in no other. The statutory requirements are conditions precedent, and may be insisted on not only by the purchaser at an execution sale, but by any one having a right to redeem who has done all the statute requires to enable him to redeem. A purchaser may waive these conditions as to himself; but he can not, by such waiver, give the person in whose favor it is made a priority over one who has complied with the statute. By paying Corning the amount of his bid, and taking an assignment of the sheriff's certificate of sale, Buhl & Ducharme acquired the rights of Corning and nothing more. They acquired no rights under the statute, because they did not comply with its provisions. The language of the statute is peremptory. It is in these words:

"To entitle any creditor to acquire the title of the original purchaser, or to become a purchaser from any other creditor pursuant to the preceding provisions, he shall present to, and leave with, such purchaser or creditor, or the officer who made the sale, or with said register, the following evidence of his right:

1. A certified copy of the judgment or decree under which he claims the right to purchase;

2. A true copy of all the assignments of such judgment or decree which are necessary to establish his claim, verified by his affidavit, or the affidavit of some witness thereto;

3. An affidavit by such creditor, his agent or attorney, of the true sum due on such judgment or decree, at the time of claiming such right to purchase." *Comp. L.* § 3147.

The following cases under a similar statute of the state of New York sustain the views above expressed :

—*Buck v. Fox*, 23 *Barb.* 259; *Hall v. Thomas*, 27 *Barb.* 55; *People v. Livingston*, 6 *Wend.* 526; *Waller v. Harris*, 20 *Wend.* 555; *Waller v. Harris*, 7 *Paige*, 167–77; *People v. Sheriff*, 19 *Wend.* 87; *Ex parte Bank* o *Monroe*, 7 *Hill*, 177; *People v. Covell*, 18 *Wend.* 598; *People v. Ransom*, 2 *Comst.* 490.

I think the judgment should be reversed, and a mandamus issued.

*Judgment affirmed.*