STREETER v. THE FIRST NATIONAL BANK OF TAMA CITY.

BYINGTON v. THE SAME.

1. **Judicial Sale:** REDEMPTION: NATIONAL BANKS. Where a national bank, holding a second mortgage, procured an assignment of the certificate of purchase issued upon a sale of the property under the first mortgage, and at the expiration of the period of redemption took a sheriff's deed, no entry being made upon the sale-book as required by section 3115 of the Code in case of redemption, it was held that such transaction was a purchase and not a redemption, and that such purchase was not void under the provisions of the national banking act. Following *First National Bank of Waterloo v. Elmore*, 52 Iowa, 541.

*Appeal from Tama District Court.*

FRIDAY, MARCH 19.

THE right of the plaintiffs to recover depends on the same facts. The actions were consolidated in the court below, and are presented on a single abstract. The object sought is to recover of the defendant the amount of a certificate of deposit issued by it to one Bradshaw, a portion of which the plaintiff Streeter claims was assigned to him, and the plaintiff Byington claims to have recovered a judgment against Bradshaw, and that he is entitled to recover of the defendant, by reason of certain garnishment proceedings. Trial to the court, judgment for the defendant, and the plaintiffs appeal.

*G. R. Struble*, for appellants.

*W. H. Stivers*, for appellees.

SEEVERS, J.   These actions are not triable *de novo*, but the material undisputed facts are:   That C. B. Bradshaw sold

1. JUDICIAL
sale : redemp-
tion : national
banks.

and indorsed to the defendant certain notes secured by mortgage on real estate, executed by one Hayzlett.   Bradshaw was the owner of a certificate of deposit issued by the defendant, which he also assigned to it as collateral security for the payment of the notes and mortgage.   The certificate, or a portion of the amount due thereon, was assigned to the plaintiff Streeter, subject, however, to the conditions under which it was held by the defendant.   A judgment was obtained by the defendant on the notes, and a foreclosure of the mortgage. · One Breniger held a prior mortgage on the same premises, which was also foreclosed.   Execution having been issued thereon, the premises were, on January 2, 1875, sold by the sheriff to Breniger, subject to redemption as provided by law.   On July 6, 1875, Breniger assigned the certificate of purchase to the cashier of the defendant for its use, and upon the expiration of the period for redemption the premises were, by the sheriff, conveyed to said cashier for the use of defendant. The right of the plaintiffs to recover depends on the question whether the assignment of the certificate of purchase in fact was, or legally amounted to, a redemption and satisfaction of the defendant's judgment, or whether it was in fact, or should in law be held to be, a purchase?   If the former is the effect of the transaction, the plaintiffs are entitled to recover; if the latter proposition is true, the defendant had the legal right to do as it did, and apply the certificate of deposit toward the payment of its judgment.

A prior incumbrancer may well become a purchaser at a sheriff's sale under the prior lien.   The right to do so, not being prohibited by statute, exists, and may be exercised in the same manner, and to the same extent, as any other person

could do.    It follows that he may purchase, from the holder, the certificate of purchase acquired at the sale under the prior lien, and it was so held in *Wilson v. Conklin*, 22 Iowa, 452. *The People, on relation of Austin, v. Fralick*, 12 Mich., 234.

As to whether the assignment in the case at bar was in fact, or intended as, a purchase of the certificate, it may possibly be said the evidence is conflicting.    The District Court having found it to be a purchase, we could not, under the settled practice, disturb the finding.    It is deemed proper, however, to say that such finding is fully sustained by the evidence.

There was evidence tending to show that previous to the sale under the Breniger foreclosure Bradshaw had a conversation with defendant's cashier, whereupon the defendants sought to prove that it was the intention of the cashier and the defendant to redeem from that sale.    This evidence, being objected to, was excluded.    It does not certainly appear at what time it was proposed to prove such intention existed. If it was during the conversation above alluded to, and we so infer, it was more than six months prior to the assignment of the certificate of purchase.    The pertinency of such evidence to the inquiry in hand is not apparent, as we do not think, if such intention existed at that time, the defendant would be estopped thereby from doing otherwise afterward if it saw proper.

We, however, think that the evidence was inadmissible on another and more satisfactory ground.    The mere intention to redeem, without more, cannot affect or prejudice the rights of any one.    Whether there has been a redemption must depend on what has been done, and cannot depend on the intention of the person doing the act.    That is to say, any act, if there can be such, which may amount to either a purchase or redemption, cannot be aided or prejudiced by the intention of the party doing it.    An incumbrancer cannot be permitted to play fast or loose, as his interest may appear. In short, what is done must determine whether it amounts to

a redemption or not.   The reason for this is obvious.   The debtor and other incumbrancers have a right to know with absolute certainty whether there has been a redemption, so that they can act understandingly.

The statute, with reasonable precision, defines what constitutes a redemption.   It is accomplished by paying the money into the clerk's office for the use of the person entitled thereto. The clerk is required to enter a minute of the transaction in the sale-book.   The proposed redemptioner must make and file an affidavit of the amount due on his claim.   Code, § § 3118, 3119.   We are not prepared to say there may not be a redemption, although the money is paid to the holder of the certificate of purchase.   Nor are we prepared to say the holder may not waive the filing of an affidavit.   It was so held in *The People v. Fralick*, before cited.

But in order to constitute a redemption, if the money is paid to the clerk or holder of the certificate, the redemptioner must, within the time required, enter on the sale-book the amount he is willing to credit on his claim.   Code, § 3115. This being done, and it may be more than this is required, all persons have constructive notice of record, not only that there has been a redemption, · but the terms and conditions upon which any other person having the right may again redeem, and thus is made certain what otherwise would not be.

The plaintiffs sought to introduce evidence as to the value of the property, but it was excluded.   The only effect of such evidence would be its tendency to show whether or not a redemption was intended; · it was, therefore, properly excluded.   It is said the defendant could not, under the circumstances of this case, become the purchaser of real estate, because it is prohibited from so doing under the national banking act.   This, we think, cannot any longer be regarded as an open question.   *Union National Bank of St. Louis v. Matthews*, 98 U. S., 621; *First National Bank of Waterloo v. Elmore*, 52 Iowa, 541.

                                        AFFIRMED.