[The following opinions were retained on petitions for rehearing, and did not come into my hands in time for insertion in their chronological order.— REPORTER.]

HAMMER, ADM'R, v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

70  623
98  572
70  623
102  317
102  373
70  623
107  489
70  623
d122 667

1. **Assignment of Errors**: INSTRUCTIONS: EXACTNESS. Assignments of errors in the following words: "Refusing instructions one to twenty asked, and refusing each," and "Giving instructions one to eight given by the court, and giving each," *held* sufficiently specific. (*Sherwood v. Snow*, 46 Iowa, 481, followed.

2. **Practice**: INSTRUCTIONS: EVIDENCE ON ISSUES TAKEN FROM JURY. When the court declines to submit any single issue to the jury, the evidence bearing on that issue should be taken from them; and it is error in such case to instruct the jury that they may consider the evidence bearing on such issue in determining the issues submitted.

3. **Instructions**: PREPONDERANCE OF EVIDENCE: WHAT CONSTITUTES. *Bryan v. Chicago, R. I. & P. R'y Co.*, 63 Iowa, 464, followed.

4. ———: SUBMITTING QUESTION NOT IN ISSUE. It is error to submit to the jury a question not raised by the pleadings.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 23, 1885.

THE plaintiff is administrator of W. H. Hammer, who was a brakeman in the employ of the defendant, and who was killed, as is claimed, because of the negligence of the defendant and its employes. Trial by jury, verdict and judgment for the plaintiff, and defendant appeals.

*Wright, Cummins & Wright,* for appellant.

*Parsons, Perry & Sherman,* for appellee.

SEEVERS, J.—I.   It is insisted by counsel for the appellee that there must be an affirmance, because the assignment of **1. ASSIGN-** errors is not sufficiently specific. A large **MENT of errors:** number of errors are assigned, two of which **instructions: exactness.** are in these words: "Refusing instructions one to twenty asked by defendant, and refusing each," and "Giving instructions one to eight given by the court, and giving each." These assignments of error are substantially the same as in *Sherwood v. Snow*, 46 Iowa, 481, and which were held to be sufficiently specific. See, also, *Hawes v. Burlington, C. R. & N. R'y Co.*, 64 Iowa, 315. Following these cases, the objection under considera-tion must be overruled.

II.   Under the evidence there cannot be any controversy as to the cause or manner of the deceased's death. The **2. PRACTICE:** freight train on which he was brakeman was **instructions: evidence on** approaching the station at Colfax, where water **issues taken from jury.** was to be taken, and the passenger train going east passed. The freight train was to be sidetracked, and the engineer deemed it desirable, as there was time to do so, to take water before the arrival of the passenger train. To enable this to be done, he directed the deceased to pull the pin connecting the tender and a flat car loaded with lumber, with the intention of going with the engine and tender to the water-tank, and when water was taken the engine was to be backed to the train. At the time the direction to pull the pin was given, the deceased was on top of the train, and there were three or four cars between him and the engine. The deceased, for the purpose of obeying this order, got down on the ground, and, the train being in motion, he ran along until he reached the tender, when he placed one hand on a projection on it, and the other on the flat car, and swung himself between them with the intention of thus obtaining a place on which he could place one or both feet, and then pull the pin. For some unknown reason he was unable to

accomplish what he evidently intended to do, and fell between the tender and flat car, and was killed.

Ten or more grounds of negligence were stated in the petition on which a recovery was asked, only three of which, however, were submitted to the jury. They were—*First*, whether the defendant was negligent in failing to furnish the tender and flat car with ladders, hand-holds, etc.; *second*, whether the order of the engineer to pull the pin, he knowing how the train was made up, and the absence of the hand-holds, etc., constituted negligence; and, *third*, whether the failure of the engineer and fireman, they knowing the danger of the deceased, to so manage the train as to avoid injury to the deceased after he fell, constituted negligence for which the defendant was liable. Evidence was introduced, to which the defendant objected, which tended to sustain the several grounds of negligence stated in the petition, which were not submitted to the jury, but in reference thereto the court said: "The other allegations of negligence contained in the petition, such as the manner in which the flat car was loaded, the train made up, the number of brakemen, where the brakemen and conductor were, the condition of the track, brake-beams and shoes, and want of rules, are not submitted to you as such; but the facts concerning these matters are proper to be considered in determining the issues that are submitted." The object of the fourth, fifth, ninth and tenth instructions asked by the defendant was to take from the jury the evidence bearing on the issues not submitted to them, and thus, so far as it could be done by instructions, confine the jury to a consideration of the evidence which tended to establish the issues that were submitted.

We think the court erred in refusing the instructions above mentioned. When the court declined to submit any single issue to the jury, the evidence bearing on that issue should have been taken from them. Instead of doing this, the court directed the jury to consider such evidence. In

all cases the evidence should be confined to the issues to be determined. We have looked into the evidence, and find that there is much of it which has no bearing whatever on the issues which were submitted to the jury. To the admission of such evidence the defendant had objected, and clearly, we think, when the defendant so asked, it should have been taken from the jury. *Memphis & Ohio River Packet Co. v. McCool*, 83 Ind., 392; S. C., 8 Amer. & Eng. R'y Cas., 390; *Price v. St. Louis, K. C. & N. R'y Co.*, 72 Mo., 414; S. C., 3 Amer. & Eng. R'y Cas., 365; *Manuel v. Chicago, R. I. & P. R'y Co.*, 56 Iowa, 655. We deem it proper to say that upon another trial the evidence should be confined to the three issues which were submitted to the jury.

III. The instructions of the court in the main are correct; but the first, in defining what constitutes a preponderance of evidence, is in conflict with *Bryan v. Chicago, R. I. & P. R'y Co.*, 63 Iowa, 464; but the error is one of which the defendant cannot reasonably complain.

3. INSTRUCTIONS: preponderance of evidence: what constitutes.

The sixth instruction submitted to the jury the question whether the fireman, as well as the engineer, was negligent; but, as the petition does not charge that the fireman was negligent, it was error to submit such question to the jury. In view of a new trial, we deem it proper to say that in our opinion the instructions Nos. 3, 7 and 8 asked by defendant, or others of similar import, should be given.

4. ——: submitting question not in issue.

Several other errors are insisted on by counsel for appellant, some of which are immaterial or not prejudicial, and others we deem it improper to determine.

REVERSED.