GADBOIS v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

1.  **Railroads:** INJURY TO EMPLOYE: EVIDENCE: CROSS-EXAMINATION. In an action for an injury to a car-repairer, caused by the alleged negligent moving of a train in response to an unauthorized signal, the conductor testified that he was standing on the platform and heard the bell ring, and that it caused him to turn and face the engine. On cross-examination he was asked: "You thought that a very strange occurrence,—the bell being rung,—did you not?" and "Rather surprised you, didn't it?" To these questions defendant objected as being incompetent, immaterial and not cross-examination. *Held* that the court erred in overruling the objection, and that an affirmative answer by the witness was prejudicial.

2. ——— : ——— : INSTRUCTION : EVIDENCE. In such case the court instructed that the defendant was not responsible for the conduct of a person not in its employment in giving a signal to move the train; but in another instruction the jury were told that they might consider such fact in explaining in what manner the train was moved. *Held* that the latter instruction was erroneous, because (1) such fact had no tendency to show in what manner the train was moved, and (2) it had no bearing on the material question, which was whether it was moved in a proper manner and at a proper time. And since it appears from answers to special interrogatories that the general verdict was to some extent, at least, affected by the consideration of this fact, the error was prejudicial, and ground for reversal.

*Appeal from Cedar Rapids Superior Court.*—HON. J. T. STONEMAN, Judge.

FILED, OCTOBER 17, 1888.

THE plaintiff was a car-repairer or inspector in the employ of the defendant, and brought this action to recover damages for an injury received while engaged in the performance of his duties. Trial by jury, verdict and judgment for the plaintiff, and the defendant appeals.

*Mills & Keeler*, for appellant.

*Henry Rickel*, for appellee.

SEEVERS, C. J.—A train on the defendant's road had just arrived, and was standing at the station at Cedar Rapids; and, it being the plaintiff's duty to inspect the cars composing such train, he proceeded to discharge such duty. The grounds of negligence upon which the plaintiff based his right to recover are stated in the petition as follows: While the plaintiff was "examining the wheels underneath the cars, and was in a position so as to be unable to see and observe any contemplated movement of the train, * * * some person, whose name is unknown to the plaintiff, * * * signaled to the fireman of said train to back up said train; that said fireman * * * communicated the same to the engineer, who proceeded * * * to back

up said train. * * * At that time plaintiff was underneath said train, and not observing or knowing of said signal * * * and having no opportunity of avoiding said train," was caught and injured. "That said signal was given without authority, and acted upon by said fireman and engineer * * * carelessly, negligently and without regard to the danger to which the plaintiff was exposed, which danger was well known to them at the time. And that the engineer and fireman of said train caused it to be backed up, well knowing at the time, and having good reason to believe, the plaintiff was engaged in inspecting said train, and was in a dangerous position if said train should be moved; and that, well knowing the same, the said employes of defendant carelessly and negligently moved said train, * * * and said train was so moved without giving any proper warning or signal."

There was evidence tending to show that it was usual and customary for the plaintiff, on the arrival of trains at Cedar Rapids, to proceed to inspect the cars, and if the repairs needed were slight, he made them. Such inspection was also performed in part by tapping the wheels with a hammer. The evidence further tended to show that the plaintiff was standing outside of the track, and stooped down between two of the cars for the purpose of making such inspection, when the train was moved back, and he was thereby caught between the cars. The backward movement was caused by some unauthorized person directing the fireman to do so, and repeated by him to the engineer under the belief that it was given by the conductor. The evidence shows that the bell was rung; but as to whether this preceded the movement of the train, or, rather, as to the length of time that elapsed between the ringing of the bell and the commencement of the movement, the evidence was conflicting. The jury found, in answer to a special interrogatory, that such time did not exceed ten seconds. The plaintiff testified that he did not hear the bell.

I. The conductor of the train was introduced as a

Gadbois v. The Chicago, M. & St. P. Ry. Co.

witness by both parties, and, when on the stand as a witness for defendant, testified that he was

1. RAILROADS: injury to employe: evidence: cross-examination.

standing on the platform at the depot, and heard the bell ring, and that "the ringing of the bell caused me to turn around and face the engine." On cross-examination, he was asked the following questions: "You thought that was a very strange occurrence,—the bell being rung,—did you not?" The defendant objected to this question because immaterial, incompetent and not cross-examination. These objections were overruled, and the witness answered, "I did." He was then asked, "Rather surprised you, didn't it?" The same objections were overruled, and the witness answered, "Yes, sir." There were other questions and objections thereto, and answers of a similar character. The defendant insists that the court erred in overruling the objections to the foregoing questions and others of like character. It is undoubtedly true that witnesses, on cross-examination, may be required to state any facts which have a tendency to weaken or explain their evidence in chief, and in respect to such evidence the court is invested with a large discretion; but while this is so, a party, under the pretense of a cross-examination, cannot be permitted to introduce incompetent evidence. All that the witness said in his examination in chief which is material was that when the bell rung he turned towards the engine. Why he so turned, or that he was surprised, was immaterial and incompetent, and had no tendency to show that the bell was not rung, or any bearing on that question. If he was surprised at the ringing of the bell, the jury might infer that it was an unusual circumstance, and tended to show negligence.

Besides this, the questions were so framed as to elicit admissions from the conductor that the ringing of the bell, which it is conceded was a warning to announce a movement of the train, was unusual under the circumstances, and therefore competent to be considered by the jury as tending to show negligence. This must have been the object of counsel in eliciting the evidence; and

Gadbois v. The Chicago, M. & St. P. Ry. Co.

it can be readily seen that such evidence, commented upon by able counsel, probably would be regarded by the jury as having a material bearing on the question of negligence. Especially is this so when the material inquiry was whether the train had been so moved or not. As bearing on the question under discussion, see *Locke v. Sioux City & P. Ry. Co.*, 46 Iowa, 110.

II. In the ninth paragraph of the charge, the court told the jury that the defendant was not "responsible for the acts of persons not in its employ, nor under its control." As the signal to move the train was given to the fireman by a person not in the employ of the defendant, the court, in effect, told the jury that such fact should not be considered by them in determining the question of negligence. In other words, the claim of negligence stated in the petition, based on the signal, was withdrawn from the jury. But in the thirteenth paragraph of the charge the jury were told that "some evidence has been adduced showing that the suggestion * * * to back the train came to the fireman from a person not in the defendant's employ, nor under its control. This fact does not establish negligence on the part of the defendant. It may be considered by you, however, in explaining in what manner the train was moved." The court, we think, properly instructed the jury that the defendant was not responsible for what persons not in its employ did, and in withdrawing from the jury the question of negligence based thereon, for the reason that it was immaterial whether the train was moved in response to a signal or not. The signal, by whomsoever given, was not the proximate cause of the injury. The material question was whether it was moved in a proper manner, and at a proper time; and therefore we think it follows that the jury should not have considered such evidence for any purpose. It had no legitimate bearing on the question of negligence, which was the only question in the case. But, as we have seen, the court directed the jury to consider the evidence as to what was done by persons not in its employ, as explanatory of the manner in

2. ——:——:
Instruction: evidence.

which the train was moved.   In so directing the jury, the court erred, for the reasons stated, and also because such evidence had no tendency to show the manner in which the train was moved.   As bearing on this question, see *Hammer v. Chicago, R. I. & P. Ry. Co.*, 70 Iowa, 625, and *Meyer v. Cullen*, 54 N. Y. 393-395. That the jury based, in part at least, the general verdict on the fact that an improper signal was given, or that it was given by an improper person, and that for this reason the defendant was negligent in moving its train in the manner it did, is evident from their answers to special interrogatories propounded to them by the court.

In answer to an interrogatory as to whether the plaintiff was injured by the negligence of defendant's employes, the jury said, "Yes." The next question was as follows: "If you state 'Yes' to the foregoing question, then state in what the negligence consisted." This was answered as follows: "Without a proper signal, and at an improper time." The jury was further asked: "Was the engineer guilty of negligence in moving his train, and, if so, in what did the negligence consist?" This question was answered as follows: "Yes, he moved on a signal improperly given by the fireman." These questions and answers show that the jury regarded the fact that a signal to move the train had been given the fireman by an improper person to be important, and it is apparent, we think, that the general verdict was, in part at least, based thereon, and for this reason a new trial should have been granted. We do not understand it to be claimed that the engineer was negligent because he moved the train in response to the direction of the fireman; but the claim is that the train was moved in response to the direction given the fireman by an improper person. There is no evidence tending to show negligence on the part of the engineer. He had the right to rely on the fireman.   The direction to move the train came from the fireman's side of the train.   For the reasons above stated, the judgment must

be reversed, and, on another trial, the question of negligence, based on the signal or direction to move the train, should be eliminated. We do not regard it as material to consider the other errors discussed by counsel. Many of them certainly will not arise on another trial.

