## WILSON v. CONKLIN et al.

1. **Redemption:** BY CREDITOR BEFORE END OF SIX MONTHS. It seems that under section 3333 of the Revision, the objection that a redemption is made by a creditor before the expiration of six months from the day of sale, can only be made by the defendant or purchaser, and not by a junior lien holder.

2. —— INFORMAL REDEMPTION: ASSIGNMENT OF CERTIFICATE. Where the purchaser of a junior judgment, but before the formal assignment thereof, and before the expiration of six months from the day of sale under a prior judgment, intending to redeem, paid to the purchaser the amount of his claim, and took an assignment from him of the certificate of sale, it was held, that though his redemption might be informal, he was still entitled to be regarded in the light of a purchaser and holder of the certificate; and that to entitle a judgment creditor, whose lien was junior to his, to redeem, he would have to pay to such holder the amount of his certificate, as well as the amount of his judgment.

3. —— AFFIDAVIT. Whether the affidavit provided by the statute (Rev., § 3348), stating the amount still due and unpaid on the claim of the redemptioner, is necessary to be filed by a creditor redeeming before nine months from the day of sale, dubitatur.

*Appeal from Benton District Court.*

TUESDAY, JULY 2.

IN equity. Demurrer to petition sustained, and plaintiff appeals. According to the averments of the petition, we have this case : On the 9th of October, 1865, one Allen owned the undivided half of about one hundred and six acres of land. March 9, 1859, Tyler recovered judgment against Allen for $106.20. September 19, 1860, Daniels

& Co. recovered judgment for $———. September 20, 1860, Crow obtained judgment for $———. An execution issued on the Tyler judgment. October 19, 1865, and thereunder the land was sold to defendant Shane, for $168.85, and the sheriff executed to him a certificate, November 25, of that year. May 1, 1866, plaintiff purchased the Daniels judgment, and had the same assigned to him on the judgment docket, on or about July 12 of the same year. On the 14th of May, as the assignee of said judgment and to redeem the same from the sheriff's sale aforesaid, he paid to said Shane $176.80, being the amount of his bid with interest, taking from him an assignment of his certificate. This assignment he caused to be noted upon the record of said sheriff's sale.

August 25, 1866, the defendant, Crow, made a (pretended) redemption from the sheriff's sale aforesaid, by paying into the clerk's office $181.25 for the petitioner's use, having the same minuted by said clerk, filing his affidavit and offering to credit his judgment with $200. Crow paid no part of the Daniels judgment, and no more than the $181.25 aforesaid. He is charged with notice of plaintiff's rights under his assignment of the Daniels judgment and the alleged redemption from Shane.

It is then charged, that it is pretended that Crow assigned his certificate of redemption to Conklin, and that the sheriff, combining with Crow, Conklin and Shane, on the 12th of December, 1866, with full knowledge of petitioner's rights, made to said Conklin a sheriff's deed; that they knew that plaintiff intended that his entire lien should be extinguished by the sale of said property and the assignment of the certificate by Shane to plaintiff —all with the intent to defraud, etc. After averring a demand of a deed from the sheriff, plaintiff asks that the deed of December 12, to Conklin, be canceled, and the sheriff convey to him, etc.

*J. C. Traer* for the appellant.

*Shane & McCartney* for the appellees.

WRIGHT, J.— Appellees first insist, under their demurrer, that plaintiff, if a judgment creditor as the holder of

**1. REDEMPTION: by creditor before end of six months.** the Daniels & Co. judgment on the 14th of May, 1866, could not then make redemption, for that this was within six months from the date of the sale, during which time the right of redemption is exclusively in the judgment debtor. In the same connection it is insisted that plaintiff was not, on said 14th of May, a judgment creditor or lien holder, for the reason that the judgment of Daniels & Co. was not assigned to him until in July afterward. And, third, it is claimed that there was no valid redemption, because there was no affidavit filed, as contemplated by section 3348, stating the amount still due and unpaid on the redemptioner's judgment. It will be observed that neither the judgment debtor nor the purchaser under the Tyler judgment, objected to the sufficiency of the redemption. Shane, the purchaser, received the money, and Allen, the debtor, does not complain. And while the statute (§ 3333) declares that for the first six months after the sale the right of the judgment defendant to redeem is exclusive, we incline to the opinion that a subsequent lien holder cannot be heard to make the objection. In other words, that the defendant and purchaser can alone contest the validity of such premature deposit or payment of the money.

But, however this may be, the facts of this case are, that plaintiff not only paid the money to the purchaser (for

**2. —— informal redemption: assignment of certificate.** the purpose of redeeming, it is said), but took an assignment of his certificate, and caused the same to be noted on the record of the

sheriff's sale. Whether then the owner of the Daniels & Co. judgment or not, he clearly had a right to purchase this certificate, and the redemption money would belong to him, and not to the original purchaser. So, also, if there had been no redemption, he would have been entitled to the sheriff's deed.

After this, and before Crow redeemed, plaintiff had the undeniable record title to the second, or Daniels & Co. judgment. Before this he had the equitable right thereto, and in July, and before Crow's redemption, he obtained the legal right. When, therefore, Crow redeemed, he knew, or was bound to know, that plaintiff was the holder of the certificate given by the sheriff to the purchaser, and also the owner of the second judgment. And in this view of plaintiff's rights and position, the objection based upon the want of the affidavit provided for in section 3348 is without weight; for under the circumstances he is to be treated as the assignee of the certificate and second judgment, and not as a redemptioner simply.

And yet, in this connection, the writer of this opinion cannot resist the expression of at least a doubt whether 3.——affidavit. the provision of section 3348 applies to redemptions made by creditors *before* the expiration of nine months from the date of sale. There is certainly much force in the thought that this refers to the redemption by creditors, after nine months, as provided in section 3346 and subsequent sections. The statute, I concede, is not clear in its several provisions; but, to say no more, a comparison of sections 3338–40 with 3348, 3349—the first contemplating the right to pay to the party, clerk or sheriff, while the latter confines the payment or deposit with the *clerk*—in connection with the thought that in speaking of redemptions prior to the expiration of the nine months, nothing is said about an affidavit—I say these considerations seem to favor the argument, that

plaintiff was not required to file the affidavit giving the amount unpaid and due on his claim.

Waiving this, however, in relation to the plaintiff's case, treating him as the owner of the certificate and second judgment, what were his rights, as thus viewed, and what comes in virtue of the redemption? Could Crow's, by redeeming from the Shane purchase, take the property divested of the lien of the Daniels & Co. judgment? The statute is the best answer to these inquiries. After giving to creditors, whose demands are liens on the real estate, the right to redeem within nine months (§ 3333), and that they may redeem from each other within that time (§ 3335), it declares the terms in all cases to be "the reimbursement of the amount paid by the *then holder, added to the amount of his own lien,* with interest," etc. (§ 3336). But if a senior creditor redeem from his junior, he is only required to pay those liens which are paramount to his own (§ 3338). The junior creditor redeems from the senior by paying the full sum due, and thereby becomes vested with the title to the judgment so redeemed (§ 3339).

As plaintiff was therefore the *holder of the certificate,* and a lien of his own, by the purchase of the Daniels & Co. judgment, Crow, in redeeming, was bound to pay both; and if he had done this, his title would have been absolute, unless there had been redemption as contemplated by section 3346, and subsequent sections, and with which we now have nothing to do. That this is a correct view of the rights of these parties, we entertain no doubt. Plaintiff was, in effect, a purchaser under the first judgment, and the owner of the second lien, when Crow undertook to redeem. And the owner of the third lien could not, by simply paying the amount of the bid with interest, cut off and defeat the second and paramount or senior lien. Whether, if plaintiff had held the second judgment, and

had not purchased the first certificate, Crow, by his redemption, would not have taken the title without liability to pay such second lien, is a very different question. So is the point ruled in *Hays* v. *Thode* (18 Iowa, 51), where a mortgage creditor redeemed from the *sale*, while the certificate was held by the purchaser (who was the judgment creditor), in which case it was held that the redemptioner was only bound to pay the amount *bid*, with interest. We conclude, therefore, that the demurrer was improperly sustained, and that, upon the case made, plaintiff is entitled to the relief asked.

The cause will be remanded with leave to defendants to answer, if they shall be so advised. And it is also ordered that defendants, if they so elect, may perfect their redemption, by paying the amount of the second judgment with interest and costs; and in that event plaintiff shall surrender all claim to the land under his lien, and as the holder of the first certificate. If they do not thus elect, and if they do not answer over, the sheriff's deed to Conklin will be set aside—the money paid by Crow to be withdrawn, and the officer execute a deed to plaintiff.

Reversed.