# THE STATE OF IOWA,

## DES MOINES, JUNE TERM, A. D. 1881.

IN THE THIRTY-FIFTH YEAR OF THE STATE.

---

PRESENT:

HON. AUSTIN ADAMS, CHIEF JUSTICE.
" WILLIAM H. SEEVERS, ⎫
" JAMES G. DAY, ⎪
" JAMES H. ROTHROCK, ⎬ JUDGES.
" JOSEPH M. BECK, ⎭

---

## KILBRIDE v. MUNN.

1. **Judicial Sale:** REDEMPTION FROM: SHERIFF'S DEED. Where one claiming an interest in lands sold on execution pays to the clerk the amount necessary to redeem from the sale, which is accepted by the purchaser and the certificate assigned to the person redeeming, the sheriff cannot refuse to execute the proper conveyance on presentation of the certificate on the ground that the holder was not entitled to redeem.

*Appeal from Lee District Court.*

TUESDAY, MARCH 22.

THE object of this action is to obtain a writ of *mandamus* to compel the defendant, as sheriff, to execute to the plaintiff

a conveyance of certain real estate sold by him on execution. There was a demurrer to the answer, which was sustained, and, the defendant electing to stand thereon, there was a decree granting the plaintiff the relief asked, and the defendant appeals.

*Miller & Son*, for appellant.

*Kelley & Cooper*, for appellee.

SEEVERS, J.—An execution was issued on a judgment rendered in the District Court in favor Michael Kilbride, sr., against Michael Kilbride, jr., by virtue of which certain real estate belonging to the latter was sold to one Edwards. Within the time allowed by law the plaintiff, claiming the right to redeem from said sale, paid to the clerk the required amount of money, and the latter made of record an appropriate entry showing the plaintiff had duly redeemed the real estate from said sale. Two days thereafter the purchaser receipted to the clerk for the money and stated in such receipt the money was received as "payment in full of the above redemption of the real estate herein described." Some time thereafter, and after the right to redeem, if it existed, had expired, the purchaser assigned the certificate of purchase to the plaintiff, and she, thereupon, requested the defendant in his official capacity to execute her a deed for the real estate, which he refused to do. The plaintiff claimed she had the right to redeem because she owned a life estate in the real estate.

The defendant, in his answer, for reasons stated at length therein, claims the plaintiff was not entitled to redeem, and having so done, the assignment of the certificate of purchase can only be regarded as having been made in aid of the redemption. In other words the claim is the plaintiff cannot be regarded as a purchaser of the certificate. The claim of the defendant, briefly stated, is that the plaintiff, as the owner

1. JUDICIAL sale: redemption from: sheriff's deed.

of a life estate, was not entitled to redeem. The plaintiff insists, if this be conceded, it constitutes no defense in this action, and this, we think, is so. The plaintiff claimed the right to redeem, and paid the proper officer the money required to do so. Her right was recognized by the purchaser, because he received the money and assigned to the plaintiff the certificate of redemption.

Upon the presentation of such certificate it was the duty of the sheriff to execute the requisite conveyance. Counsel for the defendant insist that the plaintiff in execution, by virtue of which the premises were sold, has some rights in the real estate which will be prejudicially affected by the conveyance, but, as he is not a party to this action, this must be regarded as doubtful. Whether this be so or not, we think it was the duty of the sheriff to execute the conveyance, leaving other parties to settle and adjust whatever rights they may have as they may see proper.

We think the judgment debtor and the purchaser ordinarily are the only parties who can object that the right of redemption has not been properly exercised. *Wilson v. Conklin et al.*, 22 Iowa, 452. But whether this be true in all cases is not material, for certain it is, in our opinion, the sheriff cannot by setting up a real or supposed right in the execution plaintiff excuse himself from the statutory duty enjoined to execute a conveyance in accordance with the certificate of purchase.

AFFIRMED.