West v. Fitzgerald, Sheriff, and Lamb et al., Intervenors.

WEST v. FITZGERALD, SHERIFF, AND LAMB ET AL., INTER-
VENORS.

1. **Appeal**: SUBSEQUENT SATISFACTION OF APPELLANT'S CLAIM: DIS-
MISSAL. Under § 3212 of the Code, where, subsequent to an appeal
taken, the appellant's claim is satisfied, the appeal must be dismissed.

2 **Mortgage**: SATISFACTION OF JUNIOR LIEN BY REDEMPTION. Where
a senior mortgage has been foreclosed and the land sold thereunder, and
a junior mortgagee, who has also a chattel mortgage to secure his debt,
redeems from the sale more than six and less than nine months from
the date thereof, without entering upon the sale book, within ten days
after the expiration of nine months from the day of sale, " the utmost
amount that he is willing to credit upon his claim," such redemption
will operate, under § 3115 of the Code, to satisfy the whole of his debt,
(*Lamb v. Feeley*, 71 Iowa, 742, followed,) and will bar all proceedings
to enforce the chattel mortgage securing such claim.

*Appeal from Tama District Court.*

THURSDAY, JUNE 30.

ACTION of replevin brought against Fitzgerald, sheriff,
to recover the possession of two horses which he had
seized, and was about to sell, under a chattel mortgage.
Lamb and another, the mortgagees, intervened. There was a
judgment upon a verdict for plaintiff. Defendant and the
intervenors appeal.

*Struble, Kinne & Stiger*, for appellant.

*Stivers & Loutham* and *J. W. Willett*, for appellee.

BECK, J.—I. This cause was submitted to us for deter-
mination with a motion by plaintiff to dismiss the appeal.
As we have reached the conclusion that the motion ought to
be sustained, it becomes necessary to state only the facts dis-
closed by the record which are involved in the motion and
demand consideration in determining it. Feeley and wife
executed a mortgage upon certain land to Montgomery, to
secure a note executed by Feeley. Subsequently they exc-

cuted another mortgage to Bracken & Goodell on the same land, and a chattel mortgage covering the horses in controversy, to secure a promissory note made to these mortgagees. The first mortgage was foreclosed, and the land purchased under the decree of foreclosure by the mortgagee. Lamb, one of the intervenors, having acquired the second mortgage and the note secured thereby, after six months from the day of sale of the land under the decree of foreclosure of the first mortgage, and before the expiration of nine months, procured an assignment of the certificate of sale of the land executed by the sheriff to Montgomery, and filed a proper paper in the office of the clerk, required to make redemption as a junior incumbrancer, which was duly noted upon the proper records. But he made no statement of the amount he was willing to credit upon his junior mortgage. He refused to permit plaintiff, who purchased the land of Feeley, to redeem, without paying the full amount due upon both mortgages. Afterwards a sheriff's deed for the property was executed to him.

Lamb, seeking to enforce his chattel mortgage, caused the sheriff to seize the property in dispute for the purpose of selling it under that mortgage. Plaintiff, who had purchased the horses of Feeley, brought this action of replevin against the sheriff to recover possession thereof. Defendant Lamb did not obtain his sheriff's deed until after the appeal was taken in this case, and he did not make the redemption from the sheriff's sale, under his junior mortgage, until after this suit was commenced. These facts are shown by the record before us, and are not disputed by the parties.

II. Plaintiff's motion to dismiss the appeal is based upon the ground that Lamb's debt, secured by the chattel mortgage, was wholly satisfied and discharged by his redemption from the sheriff's sale under the senior mortgage, and therefore he cannot further prosecute the appeal. This motion is authorized by Code, § 3212. If defendants' debt, secured by the chattel

1. APPEAL: subsequent satisfaction of appellant's claim: dismissal.

mortgage, which he seeks to enforce by the sale of the property in controversy, is satisfied and discharged, he plainly has lost his right to proceed against it; and this appeal, by which he attempts to enforce the debt and mortgage, which have been satisfied and discharged, ought not to be further prosecuted, and, under the section of the Code just cited, ought to be dismissed.

III.   The only question we are called upon to determine is this one :   Did the redemption from the sale under the senior mortgage operate to satisfy and discharge defendants' debt ?   Redemption in all cases, except where otherwise provided by statute, has the effect to discharge and satisfy the whole of the debt and lien under which it is made.   Such is the effect of the statutes authorizing redemption, and they are based upon the obvious reason that it would be inequitable and unjust to permit a junior lienholder to redeem under his lien, and yet enforce it against the debtor as though no redemption had been made.   If he could do this he would take the place of the senior lienholder, without any benefit to the debtor, which is utterly in conflict with the reasons and principles upon which the statutes authorizing redemptions are based.

2. MORTGAGE: satisfaction of junior lien by redemption.

But our statutes, in view of the fact that the debt of a junior lienholder may, when added to the amount for which the land was sold upon a senior judgment, exceed the value of the land sold, provides that a part only of the lien of the redemptioner may be satisfied if he pursues the course therein pointed out.   This statute is intended to give such a lienholder an opportunity to redeem without discharging all of his debt.   Its operation is just to him, as well as beneficial to the debtor, by inducing the creditor to take his property in payment of his debt to the full extent of its value. To authorize redemption without discharging the whole of the redemptioner's lien, the statute requires that he must cause to be entered upon the sale-book " the utmost amount

that he is willing to credit upon his claim." This must be done within ten days after the expiration of nine months from the day of sale. (Code, § 3115.) See *Lamb v. Feeley*, 71 Iowa, 742.

IV. Counsel for defendant insist that the section just cited, and those connected with it, pertaining to redemption made without satisfying the whole of the redemptioner's claim, (sections 3113–3119,) are applicable alone to cases where redemptions are made after the expiration of nine months from the sales. In support of this position they cite *Wilson v. Conklin*, 22 Iowa, 452, and *Goode v. Cummings*, 35 Id., 67. But a little consideration of these cases reveals the fact that whatever is said as to the applicability of these sections to cases of redemption after nine months from the day of sale pertains only to the right and manner of redemption, and not to its effect to satisfy the claim of the redemptioner. The effect is contemplated in Code, § 3106, which provides that subsequent redemptioners shall pay off the claim of the prior redemptioners, together with the amount for which the land was sold, thus showing that the whole of the redemptioner's claim is added to the amount of the sale, and constitutes the sum for which the redemptioner holds the land. Now, if the redemptioner holds the land for the whole of his claim and the amount of the sale, it is obvious that, upon obtaining a deed and title to the land, the whole of his claim, as well as the amount of the sale, is satisfied and discharged.

As we have pointed out, the claim of the redemptioner is fully satisfied, unless he indicates upon the record the amount he purposes to credit thereon. (Code, § 3114.) Now, if this provision is applicable only to the case of redemption after the expiration of nine months from the day of sale, it follows that redemption made before that time will result in the satisfaction in full of the redemptioner's claim, for he cannot avail himself of the provision of the statute authorizing him to hold a part of his claim unpaid, because it is not applicable to the redemption he makes.

We need not inquire whether one redeeming before the expiration of nine months may, by indicating upon the sale-book the amount he is willing to credit on his claim, exempt a part of his claim from satisfaction, for the reason that it was not attempted at any time by defendant. The question, therefore, does not arise in this case.

We reach the conclusion that defendant's whole claim was discharged by his redemption, and his chattel mortgage was satisfied. He has, therefore, since the appeal was taken in this case, lost all right to enforce his mortgage. The appeal must therefore, upon plaintiff's motion, be

DISMISSED.