## WHITTAKER V. CITY OF DEADWOOD.

Where plaintiff's grantor consented to the platting of a city, which included a part of his land in a highway, and himself used and recognized the highway, and permitted the public to use it, and to expend large sums in improving it, and in a protest to the city to the macadamizing of the street he distinctly recognized it as belonging to the public, such facts constitute sufficient evidence of a dedication.

(Opinion filed February 7, 1900.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by Thomas Whittaker against the city of Deadwood to recover certain moneys for the use and occupation of certain realty as a street by the defendant. From a judgment for defendant, plaintiff appeals. Affirmed.

*Chas. E. Davis* and *G. C. Moody*, for appellant.

*John R. Wilson* and *W. G. Rice*, for respondent.

HANEY, J. The plaintiff seeks in this action to recover $1,000 for the use and occupation for street purposes of certain realty in the City of Deadwood, alleging that he is the owner of a five-eighteenths interest therein, and that neither he nor any of his grantors ever dedicated or conveyed such property to the city. A trial by the court resulted in a judgment of dismissal upon the merits, and plaintiff appealed.

The court made the following findings of fact: "(1) That the defendant, the City of Deadwood, now is, and has been since the 22d day of February, 1881, a municipal corporation, duly incorporated under the laws of the territory of Dakota, and has jurisdiction over and control of the streets and highways within its limits. (2) That the premises in controversy in this action, and described in the complaint herein, were and are a portion of, and included within the exterior limits of, mineral claim or lot number one hundred and fifty-two, and that for said claim or lot number one hundred and fifty-two a patent was issued by the United States to Michael Early on the 30th day of June, 1880. (3) That at the time of the issuance of said patent, and prior thereto, and before the plaintiff had or claimed any interest in or title to the said described

premises, the said Michael Early was the sole and absolute owner, and in possession of said mineral claim or lot number one hundred and fifty-two, and every part thereof. (4) That long prior to the year 1885, and before the plaintiff had or claimed any interest therein, the said Michael Early duly dedicated a portion of said mineral claim or lot number one hundred and fifty-two, and being that portion described in the complaint herein, to the use of the public for streets and highways for public use, and that said streets, to wit, Sherman, Deadwood and Seiver streets, ever since have been, and now are, used as such by the public, and said streets are, and ever since said dedication have been, public streets of the City of Deadwood." It is contended that findings 3 and 4 are not sustained by the evidence. This and three other actions involving the rights of plaintiff and defendant with respect to certain alleged streets in the City of Deadwood were tried at the same time and the appeal in this action is presented upon the same bill of exceptions, and has been considered in connection with the case of City of Deadwood v. Whittaker decided at the present term, 12 S. D. 515, 81 N. W. 908. The ground now claimed as Sherman, Deadwood and Seiver streets, so·far as such streets are involved in this action, is included within the boundaries of a placer mining claim located by Michael Early in January, 1876, to whom a patent was issued June 30, 1880. The Black Hills country was opened to settlement February 28, 1877. In that year there was a log building situated in what is now known as Deadwood street, occupied by Early and others, which was destroyed by fire in September, 1879. Directly after the fire, this log building was replaced by a small frame shanty, which was soon after removed by the city authorities.

With the exception of these buildings and certain other unimportant acts of Early, the streets in controversy have been occupied and used by the public continuously from a time prior to February 28, 1877.   On October 13, 1876, Early conveyed a lot, now owned by plaintiff, and situated at the corner of Sherman and Deadwood streets, to one Mark Boughton, describing it as follows:   "Lot No. 26. of 25 feet front and 100 feet deep, and in block No. 3, on Sherman street, in the City of South Deadwood, in the County of Lawrence, in the territory of Dakota."   On July 16, 1877, Boughton conveyed the same premises by the same description to plaintiff, who directly went into possession, and constructed a building fronting on Sherman street, and coinciding with the line of Deadwood street as it is now defined.   This building was burned in September, 1879.   Soon after the fire, plaintiff erected another building on the lines of Sherman and Deadwood streets, as claimed by defendant, with openings on Deadwood, which has since been owned by him, and occupied by his tenants.   Although the trial court, upon plaintiff's objections, erroneously excluded all evidence concerning what occurred prior to February 28, 1877, with respect to the laying out of these streets, the evidence received irresistibly leads to the inference that the ground involved in this action was laid out into lots, blocks, streets, and alleys prior to that date, because such was the condition of affairs when the Black Hills country was opened to settlement, as is shown by numerous witnesses, and by the conduct of plaintiff and his grantors.   And as was held in City of Deadwood v. Whittaker, *supra*, the court below was justified in finding that, before plaintiff had or claimed any interest in the placer claim, Michael Early had dedicated the portion thereof

described in the complaint to the public as streets and high-
ways for public use. It would be more satisfactory had the
court below permitted respondent to show by whom and under
what circumstances the ground was platted, as the record
clearly indicates might have been done; but no injustice has
resulted from its rulings in this regard for the reason that
plaintiff could not, in any event, have recovered upon the evi-
dence received. It is alleged in the complaint and denied in
the answer that plaintiff ever dedicated or conveyed his inter-
est in the ground now occupied by defendant for street pur-
poses, and upon this material issue a finding in his favor could
not be sustained. This court has said: "One of the methods of
acquiring the right to the use of land for a street is that of the
implied dedication of the same by the owner of the fee. In an
implied common-law dedication, the use of such land by the
public as a street, with the knowledge of, and without objec-
tion by, the owner of the fee, for a number of years, is evi-
dence of such dedication, and from such user by the public,
without objection by the owner of the fee, a jury may presume
an actual dedication of such street to the public use." Mason
v. City of Sioux Falls, 2 S. D. 640, 51 N. W. 770. It is undis-
puted that plaintiff himself used and recognized these streets,
and knowingly permitted the public to use them without ob-
jection or protest, from July, 1877, until after they were per-
manently improved in 1894. He erected two buildings upon
the lines of Sherman and Deadwood streets, and permitted the
city to expend large sums in permanent improvements without
making any claim to the ground in question. When, in 1893,
the city resolved to macadamize and gutter them, he filed a
formal protest with the city council, wherein he not only failed

to assert ownership in the ground, but expressly recognized the existence of streets as now claimed by the city. Such protest is in the following language: "To the Honorable Mayor and City Council of the City of Deadwood, South Dakota: Thomas Whittaker, a resident and property owner in said city, owning the real property on the corner of Sherman and Deadwood streets, on the southerly side of Deadwood street, fronting fifty (50) feet on Sherman street, and running back to the alley known as 'Seiver Street,' a distance of about one hundred (100) feet, and the property extending westerly from said Seiver street on the southerly side of Deadwood street for a distance of one hundred (100) feet, respectfully protests against the carrying into effect of the resolution adopted by the mayor and the city council of said City of Deadwood on the 5th day of June, 1893, for the grading, macadamizing, curbing, draining, and otherwise improving said Sherman street and Deadwood street aforementioned, and that portion of said streets in front of the abutting property, for the following, among other, reasons: That said protestant has improvements upon said property which were placed thereon at the then established grade of said streets; among other improvements being a two-story brick building fronting twenty-five feet on Sherman street, and extending back to a depth of about one hundred (100) feet along the line of Deadwood street; and that protestant is advised that in macadamizing and grading of said Sherman and Deadwood streets, it is proposed to change the grade of said streets, which change of grade will leave the improvements of protestant below the grade of said street, and that such change of grade ought not to be, and cannot be lawfully made without making compensation to protestant for the dam-

age done to his said property by the said proposed change of the grade of said streets; and that said improvements ought not to be made until after the water mains and sewerage system have been completed in said streets. Wherefore protestant respectfully asks that said work and improvements as comtemplated in said resolutions. be not ordered performed as contemplated therein. [Signed] Thomas Whittaker." If the ground in controversy was never dedicated to the public use, is it unreasonable to infer that plaintiff would have alleged that fact in making a formally written protest against its permanent improvement by the public? For years his conduct was inconsistent with his present contention. It is not consistent with any notion of fair dealing for him to now assert ownership in this ground after acquiescing in its use by the public for so many years, and after recognizing respondent's rights in the most deliberate and formal manner. Upon the undisputed evidence no court or jury could do otherwise than to presume the actual dedication of these streets. The judgment is affirmed.