## WHITTAKER V. CITY OF DEADWOOD *et al.*.

1. The fact that plaintiff, after taking an appeal in a suit to vacate an alleged invalid street assessment, paid the assessment under protest, to prevent a sale of his property thereunder, was not a ground for dismissal of the appeal.

2. Payment of assessments under protest, to avoid the sale of the property therefor, is not a voluntary payment, so as to preclude recovery of money so paid.

3. Const. Art. 6, §.13, declares that private property shall not be taken for public use without just compensation; and Laws 1890, Chap. 37, Art. 16, § 18, provides that, after a street grade shall have been established, the city shall be liable for damages occasioned by the change of such grade. *Held* that, where a street grade had not been established by a legal ordinance, the city was liable for damages sustained by a change of the grade of such street.

4. Where plaintiff protested against a change of the grade of a city street, —he having erected buildings with reference to the grade as previously established,—he is not liable for assessments for improvements of the street in accordance with the new grade; the city not having ascertained or tendered his damages by reason of the change.

5. Where a city charter provided for the sale of property of delinquent taxpayers, on the first Mondays of March and December, a sale made on December 20th was invalid.

6. Where the grade of streets was established subsequent to the adoption of the resolution declaring the necessity for the improvements, and subsequent to the ordinance providing for the improvements and the contracts made therefor, if in establishing such grade a material change was made in the former grade, the prior proceedings were rendered invalid.

FULLER, P. J., dissenting.

(Opinion filed March 2, 1900.)

Appeal from circuit court Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by Thomas Whittaker against the city of Deadwood and others. From a judgment in favor of defendants, plaintiff appeals. Reversed.

*Chas. E. Davis* and *G. C. Moody*, for appellant.

*W. G. Rice* and *John R. Wilson*, for respondents.

CORSON, J. This is an action on the part of the plaintiff to have declared illegal and void certain special assessments for street improvements, to cancel certain tax certificates which have been issued therefor, and to enjoin the city from issuing a deed or deeds upon such certificates. Findings and judgment were in favor of the defendant. Since the taking of the appeal in this case the plaintiff has redeemed the property from the sale, and the respondent now moves the court for that reason to dismiss the appeal. It appears from the affidavits read on the hearing of the motion to dismiss the appeal that the time for taking out the deed or deeds upon the street-assessment certificates was about to expire, and that the day prior to the expiration of such time the plaintiff paid to the city treasurer the amounts represented by the certificates, with interest thereon, under protest, and that the city treasurer thereupon canceled said certificates. The respondent insists that, the certificates being canceled, there is no longer any controversy existing between the plaintiff and the defendant. But we are of the opinion that, as the redemption of the certificates was made in order to prevent them from ripening into a deed to the property, and under protest, the appellant is entitled to have the case decided in this court upon its merits. Not only is there a ques-

tion of costs involved in the case but also the right of the plaintiff to have a determination of the questions involved in the action, in order that the judgment of the court below may be reversed, and cease to be a bar to future proceedings to recover back the money so paid under protest. It is claimed by appellant that the payment of the amounts due upon the tax certificates was a voluntary payment, but we cannot accede to this view. Where a party redeems property about to be conveyed by a tax deed, under protest, such payment cannot be regarded as voluntary. Under the theory of the respondent in this case, the appellant was compelled to do one of two things, —either allow the tax certificates to ripen into a deed, which might result in depriving him of his property, or lose his right of appeal in this court. We are not inclined to sanction such a doctrine. Hanaw v. Bailey (Mich.) 46 N. W. 1039, 9 L. R. A. 801; Martin v. W. J. Johnston Co., 128 N. Y. 605, 27 N. E. 1017; Harrington v. Town of Plainview (Minn.) 6 N. W. 777; James v. Wilder, 25 Minn. 305; Peyser v. Mayor, etc., 70 N. Y. 497; Bank v. Mayor, etc., 43 N. Y. 184: Swift v. City of Poughkeepsie, 37 N. Y. 511. This brings us to the merits.

It appears from the case before us that the plaintiff was the owner of certain lots on the corner of Sherman and Deadwood streets, in the city of Deadwood. Prior to 1893 he had erected buildings upon the said lots, which were occupied for store and office purposes. At the time his buildings were erected, they conformed to the grade of Sherman and Deadwood streets as it then existed. On the 5th of June 1893, the city council of that city adopted a resolution declaring that they deemed it necessary to grade, macadamize, curb, drain and otherwise improve, among others, Deadwood and Sherman

streets. Within 20 days from the passage of this resolution the plaintiff filed his protest against grading and macadamizing the said streets; stating therein that he had made improvements upon his property abutting upon said streets, and that he was advised that in grading and macadamizing said streets it was proposed to change the grade, which said change would leave his improvements below the grade so to be established, and that such change of grade could not lawfully be made without making compensation to him for the damage which would result to his property. Notwithstanding this protest on the part of the appellant, and without taking any proceedings to ascertain the amount of damages which the appellant might sustain by reason of a change of grade, the city council on the 28th of August, 1893, passed an ordinance requiring said streets to be graded and macadamized as provided in the ordinance. On the 27th day of September an ordinance was passed providing for establishing the grades of certain streets, including Sherman and Deadwood streets, on which the property of the appellant abutted. The grade so established resulted, as claimed by respondent, in leaving the buildings upon his property considerably lower than the street. No notice seems to have been taken of appellant's protest on the part of the city council. Under the ordinance adopted by the city, contracts were let, and Sherman and Deadwood streets were graded and macadamized, and otherwise improved, upon the new grade so established; and for such grading and macadamizing the appellant was assessed about $900, and, failing to pay the same, his property was sold therefor, and certificates issued, which were redeemed by him, as before stated.

On the trial of the case there was evidence introduced on the part of the appellant tending to prove that the grade of these

streets had been previously established by the board of county commissioners, at a time when they had authority to establish the grade of the streets of the city of Deadwood. The court found, however, that no valid ordinance establishing such grade had been adopted. But in our view of the case this finding is not material. In Searle v. City of Lead, 10 S. D. 312, this court in an opinion handed down since this appeal was taken, held that the provisions of Section 13, Art. 6, of the state constitution, declaring that private property shall not be taken for public use or damaged unless compensation be first ascertained and paid, are not controlled by Section 18, Art. 16, Chap. 37, of the Laws of 1890, and that the provisions of the constitution are not limited to the change of grade legally established, but apply to cases where a new grade of the streets is established. 10 S. D. 312, 73 N. W. 101. Whether or not, therefore, the grade of Sherman and Deadwood streets had been previously established by a legal ordinance, does not affect the rights of the parties in this case.

The appellant contends that the city had no right to raise the grade of, and grade and macadamize, the streets adjoining his property, without first proceeding to ascertain the damages which he would sustain by reason of such change of grade, and paying or tendering to him the amount of such damages. We are of the opinion that the appellant is right in his contention. If the appellant erected his buildings with reference to the grade of the streets at the time they were so erected, he was entitled to such damages as he might sustain by reason of a change in such grade. It was the duty of the city, therefore, before proceeding to grade and macadamize the streets in accordance with the newly-established grade, to take the proper proceedings to

ascertain the damages which property holders along those streets might sustain by reason of the new grade. Failing to do this, the city could not legally impose any share of the expense of making the improvements upon the appellant. The sale of his property for these improvements, therefore, was not authorized by law.

It is further contended on the part of the appellant that the proceedings of the city were illegal for the reason that the property was not sold at the time specified in the charter. The charter in force at that time provided for a sale of the property of delinquent taxpayers on the first Mondays of December and March in each year, The sale in this case was made on the 20th of December. This was not a compliance with the statute. It is a well settled rule that when municipal corporations seek to impose upon property owners the burden of the cost of street improvements, and to hold the property of abutting owners liable therefor, the constitution, statutes, and charter authorizing such improvements must be strictly complied with. Mason v. City of Sioux Falls, 2 S. D. 640, 51 N. W. 770. "When the statute under which the sale is made directs a thing to be done, or prescribes the form, time, and manner of doing anything, such thing must be done, and in the form, time, and manner prescribed, or the title is invalid, and in this respect statutes must be strictly, if not literally, complied with." Chandler v. Spear, 22 Vt. 398; Cooley, Tax'n, 287; 2 Desty, Tax'n, 842. Why the sale was not made at the time designated in the law, we are not able to say; but as the time was fixed by law it was the duty of the city officers to make the sale at the time prescribed.

Again, it appears that the grade of the streets was established subsequent to the adoption of the resolution declaring

. the necessity for the improvements, and the ordinance providing for the improvements and the contracts made thereunder. If in establishing a new grade there was a material change in the grade as it formerly existed, then the prior proceedings were rendered invalid, and new proceedings should have been taken for grading, macadamizing, and otherwise improving the said streets.     Mason v. City of Sioux Falls, *supra.*     For these failures of the city to comply with the law, we are of the opinion that the assessment upon the appellant's property was invalid, and the judgment of the circuit court is reversed.

FULLER, P. J. (dissenting).     The motion to dismiss the appeal ought to be sustained, as the necessity of an injunction ceased upon the payment of taxes and cancellation of the certificate of tax sale, and no issue was left to be litigated.     The fact that a controversy no longer exists between the parties may be shown at any time before final review; and voluntary payment of municipal taxes made the basis of an action to determine their legality leaves nothing for investigation, and requires a dismissal of the appeal on motion.     Little v. Bowers, 134 U. S. 547, 10 Sup. Ct. 620, 33 L Ed. 1016; West v. Fitzgerald, 72 Iowa, 306, 33 N.W. 688; Parker v. Bilgery (La.) 17 South 846; Hipp v. Crenshaw, 64 Iowa 404, 20 N. W. 492; Gold Mines Co. v. Brown, 20 C. C. A. 264, 74 Fed. 12; Rolette Co. v. Pierce Co., (N. D.) 80 N. W. 804.     "Nor will the court pass on the merits merely for the purpose of relieving the appellant from a judgment for costs, as costs are merely an incident of a litigation."     Bank v. Kaeppler, (N. D.) 75 N. W. 253.     With reference to actions against municipal corporations to recover back money paid them for taxes, Judge DILLON says:     "The

payment by the plaintiff must have been made upon compulsion,—as, for example, to prevent the immediate seizure of his goods or the arrest of his person,—and not voluntarily. Unless these conditions concur, paying under protest will not, without statutory aid, give a right to recovery." 2 Dill. Mun. Corp. p. 1145. The true rule seems to be as stated in Commissioners v. Walker. 8 Kan. 431, as follows: "Where a party pays an illegal demand, with full knowledge of all the acts which render such demand illegal, and without an immediate and urgent necessity therefor, unless to release his person or property from detention, or to prevent an immediate seizure of the same, such payment must be deemed to be voluntary, and cannot be recovered back; and the fact that the party at the time of making the payment filed a written protest does not make the payment involuntary." Of course, it is not my purpose to treat this as an action in assumpsit for money had and received, nor to intimate that in no event can taxes actually paid be recovered back. The doctrine of the cases is invoked only in so far as applicable to this motion. The record, as presented, discloses no duress, coercion, or compulsion, but, on the contrary, the payment of taxes merely to avoid a cloud arising from the issuance of a tax deed. As a matter of law, such payment was voluntary, and sufficient to extinguish every meritorious issue not disposed of by the former decision of this court. 12 S. D. 523, 81 N. W. 910.