BAXTER, Administratrix, Appellant, v. PARK, Respondent.

&

DOWD, Administratrix, Appellant, v. PARK, Respondent.

(2 cases)

(184 N. W. 198.)

(File Nos. 4894, 4895. Opinion filed August 15, 1921.)

1. **Personal Injuries—Excavations Near Street, Dangerous Walls of Without Guards, Flanked by Paved Alleys, Paths Leading to Excavations—Whether Children Playing There Were "In-**

vitees," Owner's Care Re——Rule of "Turn Table Cases," Whether Applicable.

One not an invitee could not recover damages under the rule of "The Turn Table cases" (Sioux City & Pacific Ry. Co. v. Stout, 17 Wall. 651, 21 Law Ed. U. S. 725; R. R. Co. v. Gladmon, 15 Wall. 401, 21 Law Ed. U. S. 115,) since right of recovery rests primarily upon question whether facts and circumstances were such that jury might consider them as amounting to an invitation to children of tender years to go upon the premises and ignorantly put themselves in a place or position in which injury might occur; which ignorance, immaturity, and natural curiosity and impulses may be considered by jury; and in defining duty owner of premises owes to such possible invitees jury may determine whether he had or not good reason to suppose children might resort to the premises, or whether he would or not know or had good reason to suppose that if they did they would be likely to be injured; in absence of which knowledge and reason charge of negligence would be rebutted, though child was an invitee, and injured defendant would not be guilty of actionable negligence; the doctrine of said cases not being treated as an exception to the law relating to trespassers, but as part of law applicable to rights of "invitees," to whom owner owes duty of exercising care for their safety. So held, in determining liability of defendant land owner who has caused excavations some eight feet deep to be made on his grounds immediately adjacent to a traveled public street and surrounded on three sides by traveled paved alleys, there being traveled paths leading from two alleys into excavation, which latter had been used for many months by children for playing, they being alleged to have been attracted thereto by the walls and chacter of the excavation, to knowledge of defendant; the injured child being seven years of age, the walls having caved in upon him, bottom and side walls disclosing sand and graved and likely to fall at any time, on all but one side of which excavation he had constructed cement walls, no guards being put around said excavations to keep children of tender age therefrom or warning them of danger, or to protect adjacent side walls of the extended excavation from caving in.

2.　Same——Maxim "Sic Utere Tuo Ut Alienum Laedas," Whether Justifying, Excusing, Trespasser——Whether Injured Party Must be Free From Negligence, Adult and Infants Distinguished..

The maxim sic utere tuo ut alienum laedus cannot justify or excuse a trespasser, since no one possesses the legal right to become a trespasser. Under the rule laid down in the Stout case, the conduct of an infant of tender years is not to be

judged by the rule governing that of an infant, the rule as to latter being that to entitle him to recover for injury resulting from fault or negligence of another, he must himself have been free from fault, while such is not the rule regarding an infant of tender years, the care and caution required of the latter being according to his maturity and capacity only, to be determined by the circumstances.

3. **Same—Land Owner's Negligence, Duty to Injured Child, As Basis of Liability.**

It is a fundamental principle in this class of actions that land owner is not liable unless he owes to injured child a duty he has neglected; this irrespective of child's capacity to know that what he was doing was dangerous.

4. **Same—Land Owner's Duty Toward Child Beyond Duty to Adult, Rule Stated.**

In such cases of technical trespass by child on owner's premises, the latter owes a duty to children he knows may be exposed to such injury which he does not owe to adults; such duty arising only when he knows of dangerous character of the artificial thing he has placed or created on his premises, and has knowledge, because of its proximity to them that children in its immediate locality are or may be exposed to injury therefrom; that the attractive character of the structure does not per se create the duty, though it may affect degree of care required of owner to guard against injury.

5. **Same—Land Owner's Duty Broader Than Rule Re Stout Case.**

This class of cases recognizes a broader duty of land owner than announced in the Stout Case, supra; but if he had no reason to suppose that children would resort to the premises, or that they would be injured if they did, he owes no duty to guard against barely possible injury.

6. **Land Owner's Duty Toward Children Re Reasonable Precautions to Prevent Danger—Rule Stated.**

A land owner who places dangerous articles or structures on his premises, so situated that children of tender years, unconscious of danger, and led by childish curiosity and impulses, and who have easy access thereto, must take precautions reasonable under the circumstances to avoid danger to them which he knows or may be reasonably expected to know may exist because of character of article or structure, its location and immediate surroundings; and held, that the facts alleged in each of these complaints constitute causes of action respectively submissible to jury.

Appeal from Circuit Court, Codington County. Hon. WILLIAM N. SKINNER, Judge.

Action by Emma Baxter, as administratrix of the estate of

Orville Claude Box, deceased, against Herbert Park, to recover damages for the death of plaintiff's decedent resulting from defendant's negligence; and an action by Mary Dowd as administratrix of the estate of John Joseph Dowd, deceased, to recover damages resulting from the death of said decedent through defendant's negligence.  From orders respectively sustaining demurrers to the respective complaints, the respective plaintiff's appeal.  Reversed.

*McFarland & Kremer*, for Appellant.

*Mather & Stover, Hanten & Hanten*, and *A. R. Henrikson*, for Respondent.

(4)  To point four of the opinion, Appellants cited:  Edwards v. Chicago, M. & St. P. Ry. Co., 21 S. D. 504, 110 N. W. 832; Sioux City & P. R. Co. v. Stout, 17 Wall. 657, 21 L. ed. 745; Thompson's Law on Negligence, Vol. 1, Sec. 1031; R. Co. v. Gladmon, 15 Wall. 401, 21 L. ed. 115; 19 L. R. A. (N. S.) 1115, heading "Attractive Nuisance."

Respondents cited:  Ryan v. Tower (Mich.) 87 N. W. 646; Preston v. Austin (Mich.) 172 N. W. 377; Wendorf v. Director General, (Wis.) 180 N. W. 128; Savannah, F. & W. Ry. Co. v. Beavers, 113 Ga. 398, 5 L. R. A. 319, 39 S. E. 82; Bottum v. Hawkes (Vt.) 35 L. R. A. (N. S.) 440; Anderson v. Ft. Dodge D. M. & S. R. Co., (Ia.) 130 N. W. 391; 29 Cyc. 464.

SMITH, J.  Appeal from an order of the circuit court of Codington county sustaining defendant's demurrer to plaintiff's complaint.  The complaint alleges that the defendant was the owner of certain lots in the business district of the city of Watertown; that prior to the summer of 1919 he had caused certain excavations about 8 feet deep to be made on said grounds, which excavations disclosed a sand and gravel bottom and side walls of sand and gravel; that defendant thereupon constructed walls of cement on the easterly, southerly, and northerly sides thereof; that in the summer of 1919 he caused a continuation of said excavation to be made, extending a considerable distance westerly from the original excavation; that the walls of said additional excavation, also 8 feet deep, were of a sandy and gravel nature, likely to fall at any time, as defendant well knew, and were left in that condition, and that no guards of any sort or nature were put up around or about said excavation to keep children of tender

age therefrom, or to warn them of danger, or to protect said side walls from caving in; that said excavation was immediately adjacent to a traveled public street in the business part of the city, and was adjacent to and surrounded on the other three sides by traveled paved alleys; and that a traveled path or track led from the alley on the north and from that on the south down into the excavation; that said excavation had been used for many months by children for playing in; that such children were attracted thereto by the walls and the character of such excavation, the same being sand and gravel, all of which was known to defendant; that it was his duty to safeguard the same, and that he was negligent in failing so to do; that on October 24, 1919, Orville Claude Baxter, seven years of age, together with other children, were attracted into said excavation, without knowledge of danger from caving of said walls, with the result that he and another young boy were killed by the caving in of the wall.

[1] The real question sought to be presented by the demurrer is the applicability of the rule embodied in a class of decisions known as the Turntable Cases, to the particular facts alleged in the complaint. That rule seems to have been originally adopted and applied in this country in Sioux City and Pacific Railroad Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745, citing as authority R. Co. v. Gladmon, 15 Wall. 401, 21 L. Ed. 115. The gist of that decision is stated in the following language:

"In fact this doctrine is not treated as an exception to the law relating to trespassers, but rather as a part of the law applicable to the rights of 'invitees,' to whom the owner owes the duty of exercising care for their safety."

Discussing the circumstances under which a child of tender years might or might not be considered an "invitee," the court said:

"If the defendant did know, or had good reason to believe, under the circumstances of the case, the children of the place would resort to the turntable to play, * * * they would be deemed 'invitees,' in which case the owner owes the duty of exercising care for their safety."

On the other hand, discussing conditions under which the defendant might or might not be deemed guilty of actionable negligence in respect to an invitee, the court says:

"The machine in question, is part of the defendant's road which was lawfully constructed where it was. If the company did not know, and had no good reason to suppose, that children would resort to the turntable to play, or did not know or had no reason to suppose that, if they resorted there, they would be likely to get injured thereby, then you cannot find a verdict against them."

One not an invitee could not recover damages under this rule, because the right of recovery is made to rest primarily upon the question whether the facts and circumstances existing were such that they might be considered by a jury as amounting to an invitation to children of tender years to go upon the premises and ignorantly to put themselves in a place or position in which injury might occur. And the court holds that, in determining whether the particular facts and circumstances were such as to constitute an implied invitation to children, the ignorance, immaturity, and natural curiosity and impulses of childhood may be taken into account by a jury. On the other hand, defining the duty which the owner of premises owes to such possible invitees, the court holds that it would be proper for the jury to determine whether the defendant had or had not good reason to suppose that children might resort to the premises, or whether the defendant did or did not know, or had or had not good reason to suppose, that, if children did resort there they would be likely to be injured. In short, when the defendant had no good reason to suppose that children might resort or be attracted to the premises, or if defendant did not know and had no reason to suppose that, if children did resort there, they would be injured, the charge of negligence would be rebutted; and, even though the child was an invitee and was injured, the defendant would not be guilty of actionable negligence.

[2] Respondent contends that:

"In considering the question as to whether a duty exists, there is no distinction between the case where an infant is injured and one where the injury is to an adult; though where the duty is imposed the law may exact more vigilance in its discharge as to the former."

—and asks:

"Why should innocent children have greater rights than

innocent adults, in respect to damage resulting from the nature of the premises upon which they enter without permission?"

"Remedy against the landowner for harm happening from the condition of the premises is denied to adults who are entirely free from intent to violate rights and whose presence upon the land is due to pardonable mistake or to irresistable external force. The test is not whether their motives were innocent or even laudable, or whether their conduct was careful, but whether they entered without the owner's permission. If so, they cannot claim that the owner was under duty to make things safe for their access, or to give warning of nonapparent danger. * * * The decision turns, not upon the presence of fault in the plaintiff, but upon the absence of fault in the defendant. * * * He fails because the landowner owed him no duty to have the premises in a safe condition for his entry. * * * Why should the moral innocence of a childish intruder raise a duty on the part of the landowner which is not created by the moral innocence of an adult intruder?"

Carried to its logical conclusion, this reasoning denies a recovery to any trespasser, whether infant or adult, except for an injury caused by the willful or wanton act of the landowner, and it must be conceded that there are decisions, respectable in number, which so hold. They rest wholly upon the legal theory that the owner of property has an unqualified right to make any lawful, beneficial use thereof, and owes no duty to any trespasser. The exercise of this right has been held by some courts to be modified or restrained by the principle recognized in the common law, and expressed in the maxim: "Sic utere tuo ut alienum lædas—One must so use his own rights as not to infringe upon the rights of another." Section 45, Code 1919. Logically this maxim cannot justify or excuse a trespasser, for the reason that no one possesses the legal right to become a trespasser. Langer v. Goode, 21 N. D. 462, 131 N. W. 258, Ann. Cas. 1913D, 429; Greyvensteyn v. Hattingh et al., 21 Ann. Cas. 643. Many of the cases, however, without any very clear definition of the duty of the landowner, a violation of which would constitute negligence, treat the subject from the standpoint of the infant's contributory negligence, and, adopting the reasoning in the Stout Case, say:

"It is well settled that the conduct of an infant of tender

years is not to be judged by the same rule which governs that of an adult. While it is the general rule in regard to an adult that, to entitle him to recover damages for an injury resulting from the fault or negligence of another, he must himself have been free from fault, such is not the rule in regard to an infant of tender years. The care and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case by the circumstances of that case." Edwards v. Railway Co., 21 S. D. 504, 110 N. W. 832.

[3] We think it may be laid down as a principle fundamental in all this class of actions that a landowner cannot be held liable unless he owes to the injured child a duty which he has neglected. As was said by Justice Lurton in Felton v. Aubrey, 74 Fed. 353, 20 C. C. A. 436:

"If there was no breach of duty, then there was no wrong, irrespective of the boy's capacity to know that what he was doing was dangerous."

[4] Probably a majority of the decisions emphasize the thought that a child trespasser is presumably not guilty of conscious negligence, while an adult presumably is, and that the child, being only a technical trespasser, and unconscious of and not chargeable with negligence, may recover, while the adult may not. But we are asked, What duty does the landowner owe to one, that he does not owe equally to the other, to make his premises safe for trespassers? The answer must be that the landowner does owe a duty to children, whom he knows may be exposed to such injury, which he does not owe to an adult, and which duty arises only when the landowner knows and is conscious of the dangerous character of the artificial thing which he himself has placed or created upon his premises, and has knowledge, because of its proximity to them, that children in its immediate locality are or may be exposed to injury therefrom. In such case the attractive character of the object or structure does not, in itself, create the duty, though when the duty exists the attractive character of the object may affect the degree of care required of the owner to guard against possible injury. As is said in Sherman & Redfield on the Law of Negligence (6th Ed.) vol. 1, § 98:

"The overwhelming weight of authority both in number of

decisions and in soundness of reasoning by which is established the right of little children to recover damages for injuries suffered while trespassing should alone be sufficient to settle this question."

[5]  This class of cases recognizes a new and broader duty of the landowner than that announced in the Stout Case. But practically all the cases hold, in effect, that if the landowner had. no reason to suppose that children would resort to the premises, or had no reason to suppose that they would be injured if they did, he owed no duty to guard against barely possible injury. Talty v. Atlantic, 92 Iowa, 135, 60 N. W. 516; Gillespie v. Mc-Gowan, 100 Pa. 147, 45 Am. Rep. 365; Severy v. Nickerson, 120 Mass. 306, 21 Am. Rep. 514.

[6]  Counsel in their brief and upon oral argument have presented their views with great earnestness and ability, and have exhibited unusual industry in compiling and attempting to classify the decisions of the courts of the different states. These decisions, however, present such variations of facts, of reasoning, and of results, that we shall not attempt to analyze or review them, further than to say that a great majority of them, either directly or by clear implication, sustain the view that the landowner, who places dangerous articles or structures upon his own premises, so situated that children of tender years, unconscious of danger, and led merely by childish curiosity and impulse, and who, living in proximity to such premises, may have easy access thereto, owes to such children the duty to take precautions such as may be reasonable under the particular circumstances to avoid danger to them which he knows, or may be reasonably expected to know, may exist because of the character of the article or structure and its location and immediate surroundings.

[3]  We are of the view that the facts alleged in the complaint are such as to constitute a cause of action which should be submitted to a jury. The above-entitled appeals involve identical facts and pleadings, and are submitted upon the same briefs and arguments. Both are disposed of by this decision.

The order of the trial court is therefore reversed.