OLSON et al, Respondents, v. CITY OF WATERTOWN et al, Appellants.

## (195 N. W. 446.)

(File Nos. 5290, 5291.   Opinion filed October 18, 1923.)

1. **Municipal Corporations—Injunctions—Limitation of Actions— Abutting Owner's Action to Enjoin Performance of Paving Contract Held Not Barred by Laches.**

    Abutting owner's action, commenced September 16, 1921, to restrain performance of paving contract entered into August 25, 1921, following enactment of ordinance changing the grade on August 1, 1921, was not barred by laches, though the resolution for paving was adopted August 30, 1920, in accordance with the then established grade.

2. **Municipal Corporations—Streets—Grading—Ordinances — Change in Grade of Street Held to Nullify Resolution for Paving.**

    The adopting of an ordinance materially changing the grade of a street held to nullify a previously adopted resolution for paving in accordance with previously established grade.

3. **Eminent Domain—Damages—Streets—City Could Not Make Material Change in Grade of Street Without Payment of Damages to Abutting Owners.**

    A city could not make a material change in the grade of a street, after buildings have been constructed and other improvements made on the existing grade, without awarding the owners damages under Const., Art. 6, Sec. 13, regardless of whether the existing grade had been established by affirmative act of the city or was the natural grade.

4. **Municipal Corporations—Injunctions—Courts — Statute Prohibiting Injunction Against Local Improvements Not Applicable if Contract Void.**

    Rev. Code 1919, Sec. 6412, prohibiting the granting of an

injunction to restrain the making of any local improvement after the contract has been let, held not applicable to a contract which is inherently void because the city had no jurisdiction to enter into it.

Appeal from Circuit Court, Codington County; Hon. W. N. Skinner, Judge.

Action by Hans Olson and others against the City of Watertown, the C. H. Atkinson Paving Company, and others. From orders overruling demurrers to the complaint, the named defendants separately appeal. Affirmed.

*Case & Case*, of Watertown, for Appellant C. H. Atkinson Paving Co.

*Arthur L. Sherin*, of Watertown, for Appellant City of Watertown.

*Loucks, Hasche & Foley* and *M. J. Russell*, all of Watertown, for Respondents.

(1) To point one of the opinion, Appellants cited: Haggert v. Alton, 126 N. W. 158; Alstad v. Sim, 109 N. W. 66.

(3) To point three, Respondents cited: Sec. 13, Art. 6, Bill of Rights; Searle v. City of Lead, 10 S. D. 312, 73 N. W. 101, 39 L. R. A. 345; Whittaker v. City of Deadwood, 12 S. D. 608, 82 N. W. 202.

(4) To point four, Appellants cited: 14 R. C. L. 39; Clemens v. Conn. Mutual Life Ins. Co., 67 L. R. A. 362; Denver & S. R. R. Co. v. Domke, 17 Pac. 777; Staetson v. Chicago & E. R. Co., 75 Ill. 74; Patterson v. Chicago, D. R. Co., 75 Ill. 588; Peoria & R. I. R. Co. v. Schertz, 84 Ill. 135; Parker v. Catholic Bishop, 146 Ill. 158; Boise Artesian Hot & Cold Water Co. v. Boise City, U. S. Sup. Ct. Rep., 53 L. ed. 796; 22 Cyc. 827; Rev. Code 1919, Sec. 6412; Bismarck Water Supply Co. v. Barnes, 153 N. W. 154; Dows v. Chicago, 78 U. S. 108, 20 L. ed. 65; Frost v. Flick, 46 N. W. 508.

Respondent cited: Rev. Code 1919, Sec. 6364, Sec. 6406.

GATES, J.  This action was begun September 16, 1921, by the owners of property abutting on Third Street Northwest in the city of Watertown, to restrain the carrying out of a paving contract entered into between the city and the C. H. Atkinson Paving Company on August 25, 1921, and to restrain the levy and enforcement of a special assessment therefor, and generally to

avoid the proceedings of the city council relating thereto. Each of the defendants demurred separately to the complaint. The appeals are from the respective orders overruling such demurrers.

Among other things, the complaint alleges that the resolution for paving was adopted August 30, 1920, in accordance with the then established grade; that on August 1, 1921, an ordinance materially changing the grade was adopted, and which if followed would materially damage the plaintiffs; that no award of damages has been made as required by Const., art. 6, § 13; that for several years prior thereto there had existed and had been erected, on the lots owned by plaintiffs, dwelling houses and permanent structures and improvements including sidewalks and curbs on the grade then in existence on said street.

[1-3] We are convinced that the plaintiffs had the right to bring this action; that they were not chargeable with laches in bringing it; that by reason of the change of grade in August, 1921, the resolution for paving adopted in August, 1920, became a nullity; and that the city could not proceed to change the grade without complying with the above constitutional provision. And it matters not whether the grade had theretofore been established by affirmative act of the city or was the natural grade. These questions were decided in Mason v. City of Sioux Falls, 2 S. D. 640, 51 N. W. 770, 39 Am. St. Rep. 802, Searle v. City of Lead, 10 S. D. 312, 73 N. W. 101, 30 L. R. A. 345; and Whittaker v. City of Deadwood, 12 S. D. 608, 82 N. W. 202.

[4] Counsel for appellants rely on section 6412, Rev. Code 1919, which prohibits the granting of an injunction to restrain the making of any local improvement after the letting of the contract. That provision of statute can have no application to a contract which is inherently void because the city had no jurisdiction to enter into it.

The orders appealed from are affirmed.

Note.—Reported in 195 N. W. 446.  See, Headnote (1), American Key-Numbered Digest, Municipal corporations, Key-No. 323(3), 28 Cyc. 1020 (1924 Anno.); (2) Municipal corporations, Key-No. 303(1), 28 Cyc. 1010; (3) Eminent domain, Key-No. 101(1), 20 C. J. Sec. 153; (4) Municipal corporations, 323 (1), 28 Cyc. 1020.

On liability of municipal corporation for injury to abutting property from changing grade of the street under a constitutional provision against damaging private property for public use, see notes in 36 L. R. A. (N. S.) 1194 and L. R. A. 1915A, 382.