## FENTON, Appellant v. ACKERMAN, Respondent

### (285 N. W. 516.)

(File N. 8185. Opinion filed April 27, 1939.)

*Charles Lacey,* of Sioux Falls, for Appellant.
*Danforth & Davenport.* of Sioux Falls, for Respondent.

SMITH, J. The jury found for defendant in this action brought to recover damages for injuries suffered when a guardrail gave way and precipitated plaintiff into what plaintiff alleged to be an areaway maintained in a sidewalk for the convenience of defendant's abutting property.

At the time of plaintiff's unfortunate experience, defendant was the owner and in possession of a building occupying the northwest corner of the intersection of Phillips Avenue and Seventh Street in Sioux Falls, South Dakota. An opening about four feet wide exetends along the full length of the building on Seventh Street, between it and the sidewalk. The depth of this

opening increases gradually from two and a half feet at the rear to six feet at the front of the building. A two pipe guardrail, supported by uprights embedded in the sidewalk and by cross bars attached to the building, runs along the edge of the sidewalk nearest the building as a warning and protection to the public. As plaintiff was passing along Seventh Street he paused and leaned against the top rail. It gave way and he fell into the opening and received the injuries of which he complains.

The history of the construction of the sidewalk, and a brief further description of it, are necessary to an understanding of that which follows.

The building was erected in about 1883. At that time there was no sidewalk along Seventh Street, and that street was approximately on a level with the middle of eight large basement windows. Thereafter the city of Sioux Falls raised the grade of Seventh Street and constructed a sidewalk on a level with the top of these basement windows. The building extends clear up to the lot line on Seventh Street, but only part way back towards the alley. The sidewalk, however, was constructed along a line four feet away and parallel with the lot line throughout the full length of the lot. Thus, whereas the sidewalk was fourteen feet wide and was built up to the lot line throughout the remainder of the block on Seventh Street, it was but ten feet wide, and was four feet from the lot line, along the full length of defendant's property. The grade of the sidewalk and street as established and constructed by the city being higher than the grade of defendant's property, the guardrail described was erected along the edge of the sidewalk all of the way back to the alley, although defendant's building only occupied a little more than the front half of the lot. The canyon into which plaintiff fell was thus created between the sidewalk and the building within the limits of the highway.

Defendant purchased the property after the city had created the condition in question. Thereafter, defendant rebuilt the sidewalk, and in so doing reproduced the situation the city had created, including a reinstallation of the guardrail. The evidence also reveals that defendant thereafter occasionally repaired the guardrail.

Plaintiff's theory of the case is predicated upon the following language contained in comment (d) under statement 350 of the

Restatement of the Law of Torts: "While an owner of land over which there is a public highway or which abuts thereon is not under any duty to maintain its surface so as to be reasonably safe for travel, he is subject to liability if reasonable care is not exercised by him or on his behalf to keep in repair a skylight or grating over a vault, coal hole or an areaway which the municipality permits him to create in the highway or which the municipality so creates for his sole benefit."

The assignments of error we are required to review are grounded on the doctrine so expressed. From this background plaintiff reasons, if we have a correct understanding of his theory, that whenever it is shown, without more, that there is an areaway in the adjacent sidewalk for the sole convenience of the abutting property of the owner-possessor, the duty of the owner to maintain the areaway so as to safeguard the public is sufficiently established.

If all of this be conceded for the purposes of this case, in our opinion it does not follow that the evidence at bar is sufficient to establish any duty on defendant to safeguard the public against injury from the alleged defect in the guardrail in question.

 If no more had been evidenced in the record than meets the eye as one views defendant's property and the adjacent sidewalk on Seventh Street, pursuing the rules so conceded, one could argue with convincing force that because the opening in the highway has no other function than to admit light and air to the basement of defendant's building, it logically should be inferred that the dangerous opening was placed there by defendant, or was placed there by the city for his sole benefit, and that he was duty bound to maintain it in such condition as would safeguard public use of the highway. The plaintiff was not content to rest his case on such a showing. The history of defendant's building, and of the improvement of Seventh Street, appears in the record in the form of photographs and word pictures. This history is not in dispute. Defendant's building was originally erected so as to conform to the then existent natural grade of Seventh Street. As so constructed, it received an uninterrupted flow of light and air into its semi-basement or ground floor, and had no need for any character of special appurtenance in the public way to contribute to its convenience and utility. The need for air and light

passage did not arise until the city raised the grade of Seventh Street. In making this public improvement, the city created the situation which now exists in Seventh Street in the exact form in which it now appears, except that a cement sidewalk has been substituted for a wooden sidewalk. The offending rail was installed by the city to protect the public from dangers incident to the condition it had created. This was in response to the duty of the city to maintain its streets in a reasonable condition of safety. Cf. Hermandson v. City of Canton, 60 S. D. 367, 244 N. W. 525. That the city could not have closed off this ground floor of defendant's building without having incurred liability for damage is not open to question. Cf. Searle v. City of Lead, 10 S. D. 312, 73 N. W. 101, 39 L. R. A. 345; Whittaker v. City of Deadwood et al., 12 S. D. 608, 82 N. W. 202; Olson et al. v. City of Watertown et al., 46 S. D. 582, 195 N. W. 446; Id., 57 S. D. 363, 232 N. W. 289; Mason v. City of Sioux Falls et al., 2 S. D. 640, 51 N. W. 770, 39 Am. St. Rep. 802. These facts, in our opinion, dispel any tendency physical appearances may have to induce an inference that the areaway is maintained in the public way for the sole benefit of defendant, and render plaintiff's proof wholly insufficient to charge defendant with a duty to maintain or repair the guardrail. The injustice of charging an abutting owner with responsibility for the maintenance of that which was established to serve a public interest is self evident. It is also axiomatic that there cannot be negligence without duty. Baxter v. Park, 44 S. D. 360, 184 N. W. 198; 45 C. J. 639.

In reaching the foregoing conclusion we have not been unmindful of the fact that defendant rebuilt the sidewalk and repaired the railing. An abutting owner will not be held to have assumed general responsibility for the surface and safety of the highway by making repairs thereon. 43 C. J. 1105. No claim is made here that plaintiff was injured because of some affirmative act of defendant in making repairs.

These conclusions demonstrate that the challenged rulings were all without prejudice to the plaintiff.

The judgment of the trial court is affirmed.

WARREN, P. J., and ROBERTS and RUDOLPH, JJ., concur.

POLLEY, J., absent and not sitting.